## WESTERN UNION TELEGRAPH CO. v. SHULTS. (No. 7141.)

Court of Civil Appeals of Texas. Austin. June 29, 1927.

Rehearing Denied. July 20, 1927.

1. **Appeal and error** ⊜⟶907(3)—Reviewing court will presume evidence sustained trial court's findings in support of judgment, in absence of statement of facts.

In the absence of statement of facts, it will be conclusively presumed by the Court of Civil Appeals that the evidence sustained the trial court's findings, in support of its judgment, that a contract properly pleaded had been entered into.

2. **Appeal and error** ⊜⟶932(1)—Trial court will be presumed to have applied proper measure of damages for telegraph company's failure properly to transmit telegram, where amount of damage was left to court.

It will be presumed, in absence of showing to the contrary, that the trial court applied the proper rule in arriving at the measure of plaintiff's damage for telegraph company's failure properly to transmit a telegram, where amount of damage was left to the court.

3. **Appeal and error** ⊜⟶763—Reviewing court will consider objection made in supplemental brief, but not assigned as error, waived.

Court of Civil Appeals would consider objection, made in a supplemental brief by plaintiff in error, to court's failure to complete panel before selection of the jury began, to be waived, in the absence of assignment of error on the point.

Error from District Court, Llano County; J. H. McLean, Judge.

Action by C. E. Shults against the Western Union Telegraph Company. Judgment for plaintiff, and the defendant brings error. Affirmed.

W. H. Flippen and Carl B. Callaway, both of Dallas, for plaintiff in error.

Wilburn Oatman, of Llano, and Carl Runge, of Mason, for defendant in error.

BAUGH, J. This is an appeal from a judgment of the district court of Llano county, awarding C. E. Shults damages in the sum of $550, against the Western Union Telegraph Company for negligently failing to properly transmit to him a message from D. P. Putney, county judge of Victoria county, Tex.

Shults, plaintiff below, alleged that in February, 1922, he was seeking a market for about 1,100 gallons of Kill Tick cattle dip of the reasonable market value of $550; that he wrote D. P. Putney about its sale; and that Putney delivered to the agent of the Western Union Telegraph Company at Victoria the following message:

"Victoria, Texas, 4 P. Feb. 16, 1922.

"To C. E. Shults, Home National Bank, Llano, Texas: If your dip is Sherwin-Williams Kill Tick D and is in good condition we will take all you have at the price you mention in your letter. Route over Southern Pacific. Wire me if you ship.

"Respectfully,　　D. P. Putney,
　　　　　　　　　"County Judge."

He also alleged that the message as delivered to Shults at Llano omitted the letter "D" after the word "Tick"; that the dip he had was Sherwin-Williams Kill Tick Dip, but was not class "D"; that as a result of such negligence of the telegraph company he shipped his dip to Victoria as directed, but that same was rejected by Putney because it was not class "D" as specified in the message filed with appellant at Victoria, which message it accepted, and contracted and agreed to deliver to plaintiff, for the usual and customary charge, which was paid by plaintiff at Llano, Tex.; that by reason of said negligence of defendant in delivering to plaintiff a different message from the one sent, he was induced to ship his dip to Victoria, which he would not have done had said message been correctly transmitted. He further alleged that after said dip was rejected at Victoria he used due diligence to sell same there, but was unable to do so; and that said dip was a complete loss to him as a result of defendant's negligence.

The telegraph company filed general and special exceptions, general denial, and specially pleaded that said dip was rejected because not in good condition as specified in said telegram, and not because it was not class "D" dip.

The case was tried to a jury, and four special issues were submitted, in reply to which they found: (1) That the defendant was guilty of negligence in the transmission of said message; (2) that said negligence proximately resulted in damages to plaintiff; (3) that but for such negligence plaintiff would not have sustained any loss; and (4) that said cattle dip was in good condition. No other issues were submitted to the jury and none requested. Nor did defendant complain of the charge of the court nor of the issues submitted.

[1] Plaintiff in error presents, in its original brief, only two propositions. The first is that no recovery can be had unless a contract with the telegraph company for the transmission of the message be pleaded and proved. In the instant case the plaintiff expressly pleaded such a contract. No issue as to whether such contract was made was submitted to the jury and none requested. No statement of facts accompanies the record, and in the absence of same it will be conclusively presumed that the evidence sustains the trial court's findings on that issue in support of his judgment.

---

⊜⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[2] Plaintiff in error's other contention relates to the measure of damages. The amount of Shults' damages was not submitted to the jury, nor was any request made that it should be. He pleaded the value of his dip and that it was a total loss. The amount of the damage was left to the court, and it will be presumed, in the absence of a showing to the contrary, that he applied the proper rule in arriving at the measure of plaintiff's damages. As stated by Judge Pleasants in Davis v. Standard Rice Co. (Tex. Civ. App.) 293 S. W. 597:

"It is not necessary for a plaintiff to plead any specific rule for the measure of the damages claimed by him. All that is required is that he plead the facts which entitle him to recover damages and state the amount claimed, and it is for the court to apply the rule of measurement called for by the evidence."

[3] In a supplemental brief, plaintiff in error complains of failure of the trial court over its objection to properly complete the jury panel before the selection of the jury began. We find no assignment of error on this point, however, and it will be considered as waived by plaintiff in error.

Finding no error in the record, the judgment of the trial court is affirmed.