HENRY H. SNOW, Respondent, *v.* JOSEPH PULITZER, Appellant.

Where one of several houses belonging to the same owner is so constructed as to require the support of the wall of the adjoining house, and the owner leases the former, the tenant is entitled to that support, and in case the owner or his grantee removes the wall, he is a trespasser and liable to the tenant for his damages.

Where a lessor of premises leased and occupied for business purposes has been evicted and his business broken up by the unlawful acts of his landlord, the prospective profits of his business for the remainder of the term is a proper item of damages.

The owner of two adjoining buildings in the city of New York leased the first floor of one of them to plaintiff for a term of years for a store. Said owner subsequently sold and conveyed both buildings to defendant, who commenced tearing down the building adjoining plaintiff's; when a portion was removed the wall of plaintiff's building began to crack and break. Proceedings were thereupon taken by the fire department of New York by which plaintiff's building was condemned as unsafe, and its removal was directed. Defendant thereupon tore it down and plaintiff was ousted. In an action to recover damages, it was found that at the time of the lease to plaintiff the building in which his store was located was dependent for support upon the adjoining wall. *Held,* that plaintiff was entitled to that support; that defendant could not lawfully remove the wall and so render the demised premises untenantable, and in so doing he was a trespasser; that the fact that defendant when he began to take down the wall was ignorant that the adjoining building was dependent upon it for support did not affect his responsibility; nor was he protected from responsibility by the decision of the fire department, as it was his act that rendered the building unsafe and created the danger.

It was provided in plaintiff's lease that the store should be exclusively used for the sale of confectionery; he made some expenditures in fitting up the store. At the time he was evicted he was doing a large and profitable business and had on hand a large stock. The trial court charged the jury, in substance, that in assessing damages they could take into consideration the expenditures so made, the damage to and depreciation of the stock on hand, also the profits he could have made in his business if he had been permitted to carry it on to the end of his lease. *Held,* no error.

Reported below, 66 Hun, 329.

(Argued April 10, 1894; decided April 24, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 12, 1892, which affirmed a judgment in favor of plaintiff entered upon a verdict, and also affirmed an order denying a motion for a new trial.

This action was brought to recover damages to property held by plaintiff, as lessee, and caused by the tearing down of an adjoining building.

The facts, so far as material, are stated in the opinion.

*John M. Bowers* for appellant. The common owner of two independent adjoining buildings, conveying or leasing one of them, does not, under ordinary circumstances, grant an easement in his adjoining property of any kind. (Laws of 1882, chap. 410, § 474; *Humphries* v. *Brogden*, 12 Ad. & El. 738; *Parker* v. *Foot*, 19 Wend. 309, 318; *Palmer* v. *Wetmore*, 2 Sandf. 316; *Meyers* v. *Gemmel*, 10 Barb. 537, 546; *Shipman* v. *Beers*, 2 Abb. [N. C.] 435, 438; *Royce* v. *Guggenheim*, 106 Mass. 201, 205; *Mullen* v. *Stricker*, 19 Ohio St. 135, 144; *Morrison* v. *Marquardt*, 24 Iowa, 35; *Keats* v. *Hugo*, 115 Mass. 204.) There was no eviction by the defendant and appellant. (2 Wood's Landl. & Ten. [2d ed.] 1101, 1104, 1107; *Cram* v. *Dresser*, 2 Sandf. 120, 126; *Edgerton* v. *Page*, 1 Hilt. 320, 330; 20 N. Y. 281; *H. L. Ins. Co.* v. *Sherman*, 46 id. 370; *Borell* v. *Lawton*, 90 id. 293, 297; *Howard* v. *Doolittle*, 3 Duer, 464; *Sherwood* v. *Seaman*, 2 Bosw. 127; *Doupe* v. *Genin*, 45 N. Y. 119; *Smith* v. *Kerr*, 108 id. 31, 34; *Miller* v. *N. Y., L. & W. R. R. Co.*, 125 id. 118, 122.) The rule of damages, where there is a breach of the covenant for quiet enjoyment contained in a lease, is simple. If the breach be without the fault of the landlord, the damages are the rents paid in advance. If the breach be the fault of the landlord, the damages are the value of the unexpired term, less the rents reserved. (*Kinney* v. *Watts*, 14 Wend. 38; *Kelly* v. *Dutch Church*, 2 Hill, 105, 115; *Noyes* v. *Anderson*, 1 Duer, 342; *Dennison* v. *Ford*, 10 Daly, 412; *Giles* v. *O'Toole*, 4 Barb. 261; *Mack* v. *Patchin*,

42 N. Y. 167; *In re Strasburger*, 132 id. 132; *Carter* v. *Burr*, 39 Barb. 59, 64.) Only the damages which might be expected to follow from the act complained of can be recovered. Except in cases of breach of contract, the act must be wrongful. (*Schile* v. *Brokhahus*, 80 N. Y. 614, 620; *O'Neill* v. *N. Y., O. & W. R. R. Co.*, 115 id. 579.) The defendant is not liable for the loss or destruction of any articles belonging to the plaintiff. (*Edson* v. *Weston*, 7 Cow. 278; *Beardslee* v. *Richardson*, 11 Wend. 25.) The defendant is not liable for the loss or destruction of any articles which the plaintiff claims to have put into his shop when he fitted it up. (*Walton* v. *Meeks*, 120 N. Y. 79; *Peters* v. *McKeon*, 4 Den. 546; *Pitcher* v. *Livingston*, 4 Johns. 1; *Kinney* v. *Watts*, 14 Wend. 38, 41.)

*Abel Crook* for respondent. The lease by Mrs. French to plaintiff creating a term for years contained, both expressly and by implication, a covenant of peaceful and quiet enjoyment, which was binding upon the defendant, who accepted his conveyance subject to such lease. This included a right of support of the premises necessary to beneficial enjoyment by plaintiff. (*Moore* v. *Weber*, 71 Penn. St. 429; *Graves* v. *Berdan*, 26 N. Y. 498; *Mack* v. *Patchin*, 42 id. 167.) This covenant, whether express or implied, was broken up on the unlawful interference by defendant, under color or claim of right, with the enjoyment by the plaintiff of the premises. (*Tone* v. *Brace*, 11 Paige, 566; *Mayor, etc.*, v. *Mabie*, 13 N. Y. 151; *Vernam* v. *Smith*, 15 id. 327; *Burr* v. *Stenton*, 43 id. 462.) Neither physical force nor legal process is necessary to constitute an eviction. Any interference on the part of the landlord which impairs the beneficial enjoyment of the demised premises is sufficient disturbance of the possession to constitute an eviction. (*H. L. Ins. Co.* v. *Sherman*, 46 N. Y. 370; *Cohen* v. *Dupont*, 1 Sandf. 260; *Sherman* v. *Williams*, 113 Mass. 481; *Bentley* v. *Sill*, 35 Ill. 414; *Rogers* v. *Ostrom*, 35 Barb. 523.) The rule that no servitude of support of one building by another arises from their mere

juxtaposition, where the two buildings are owned by different persons, has no application. (*Partridge* v. *Gilbert*, 15 N. Y. 610.) Defendant's removal of the wall in disregard of plaintiff's easement of support therein and his destruction of the building occupied by plaintiff was not only an eviction and actual disturbance of the possession, and entry and expulsion of the plaintiff, but constitutes such a trespass as renders him liable for all resulting damages. Defendant's intent was established by facts justifying the jury to infer it. (*Edgerton* v. *Page*, 14 How. Pr. 116; 20 N. Y. 281; *Schile* v. *Brokhahus*, 80 id. 614; *Boreel* v. *Lawton*, 90 id. 293, 296; *Vann* v. *Rouse*, 94 id. 401; Wood's Landl. & Ten. [2d ed.] 1101; 2 Whart. on Ev. § 1258; 3 Greenl. on Ev. [6th ed.] 18, § 14; *York's Case*, 9 Metc. 103; *Van Pelt* v. *McGraw*, 4 N. Y. 110; *Filkins* v. *People*, 69 id. 101, 106, 107; *People* v. *Orcutt*, 1 Park. Cr. 252.) The rule that a person who has entered into a contract for a specific work to be done by another is not liable for the act or conduct of the contractor has no application to this case, because the thing contracted to be done, so far as it affected the plaintiff's easement of support in the wall, was unlawful. (*Kings* v. *N. Y. C. & H. R. R. R. Co.*, 66 N. Y. 181–185.) The ordinary rule of damages in cases of eviction of a tenant by a landlord is the value of the unexpired term of the lease at the time of the eviction over and above the rent reserved by the terms of the lease. This rule has exceptions, and is relaxed or modified to meet the injustice done by it to lessees in particular cases. (*Mack* v. *Patchin*, 42 N. Y. 167, 172, 175; *Trull* v. *Granger*, 8 N. Y. 115; *Myers* v. *Burns*, 35 id. 272; *Nowlan* v. *Trevor*, 2 Sweeny, 67; *Driggs* v. *Dwight*, 17 Wend. 71; *Chatterton* v. *Fox*, 5 Duer, 64; *Hexter* v. *Knox*, 63 N. Y. 561.) The right to recover damages is commensurate with the wrong done, and, where the defendant becomes an actor and commits an actual trespass, he is liable for all damages naturally resulting. (*Schile* v. *Brokhahus*, 80 N. Y. 614; *Pollett* v. *Long*, 56 id. 200.) The verdict of $5,200 was not excessive. (*Marquart* v. *La Farge*, 5 Duer, 559; *White* v. *Miller*, 71 N. Y. 118;

78 id. 39 ; *Schile* v. *Brokhahus*, 80 id. 614 ; *Wakeman* v. *W. & W. M. Co.*, 101 id. 205, 215.) The judgment and order denying new trial should be affirmed, and ten per cent penalty should be added. (Code Civ. Pro. § 3251, subd. 5 ; *Schile* v. *Brokhahus*, 80 N. Y. 614.)

EARL, J. In 1848 Mr. French erected a seven-story building in the city of New York. Subsequently another person erected an adjoining four-story building, and still later another owner erected another adjoining building, thus making three buildings in the block. There were no party walls, the buildings all having independent walls. Subsequently French became the owner of all the buildings and converted them into a hotel, called French's Hotel, the buildings being used together as one building with doors and openings through them.

The hotel property passed by will from French to his daughter, Helen A. French, and in January, 1886, she leased the first floor of the four-story building to the plaintiff for a term ending on the first day of May, 1889. While the plaintiff was in the occupancy of his store, on the 10th day of April, 1888, she conveyed the entire block, designating it as French's Hotel, and describing it as an entirety, subject to the lease, to the defendant. In June thereafter he commenced to tear down the seven-story building, and after the four upper stories thereof had been removed down to the third story of the four-story building, it was found that the wall of the four-story building was supported by the adjoining wall of the seven-story building, and that it could not stand without such support ; and it began to crack and break and there was imminent danger of its falling. Upon making this discovery the persons engaged in taking down the seven-story building under the defendant discontinued their work ; and thereafter proceedings were taken by the fire department of the city of New York by which the four-story building was condemned as unsafe, and there was a judgment directing the superintendent of buildings to remove the same ; and in obedience to

that judgment the defendant tore down the four-story building, and the plaintiff was thus deprived of the benefit of his lease, was ousted from the possession of the store and his business broken up; and he brought this action to recover his damages.

The contention of the defendant is that the plaintiff was not entitled to have the wall of the building in which his store was situated supported by the adjoining wall of the seven-story building, that there was no easement in that wall for the support of the wall of the four-story building, and hence that no legal wrong was done to the plaintiff by the tearing down of that wall.

The trial judge held that if at the time of the lease to the plaintiff the wall of the building in which his store was located was dependent for support upon the adjoining wall, he was entitled to such support, and the defendant could not lawfully remove that wall, and thus render the four-story building untenantable. In this ruling we think the trial judge was clearly right. We are not dealing with a case where at the time of the demise the two buildings were separately owned, but with a case where they were owned by the same person, and where all the buildings were held and owned as one entire property. When the plaintiff leased his store he became entitled, as against the lessor, to the store as it then was, and as against him to have the walls sufficiently supported as they then were; and if the wall of the four-story building could not stand of itself, then he was entitled to the support of the wall of the seven-story building, and the two walls constituted the wall of his building; and the defendant had no right to remove any portion of the wall of the four-story building, or any of its supports, so as to drive the plaintiff from his store. A landlord in such a case would have no more right to take down the supporting wall than he would to tear down the demised building itself.

The contention of the landlord here is against both reason and justice, and has no support in any precedent or any principle of law. The rights of the plaintiff do not depend upon

the technical doctrine of eviction. The defendant was a trespasser and a wrongdoer, and is just as responsible for the consequences of his acts as he would have been if he had removed the roof from the building or entered the plaintiff's store and physically expelled him. The responsibility of the defendant in no way depends upon his knowledge that the wall of the seven-story building was necessary to the support of the wall of the four-story building. He was bound to know what he was about and cannot shield himself against a trespass because he did not foresee the consequences of his acts, or even because he did not know that he was trespassing. If he supposed that he was entitled to take down the wall of the seven-story building, to the support of which plaintiff was entitled for his store, he was mistaken, and is responsible for the consequences of his mistake. When he learned that the wall of the four-story building could not stand without the support of the wall of the seven-story building, he was bound to take the consequences of his acts or to rebuild that wall and thus support the wall of the four-story building.

The defendant is not protected from responsibility in this case, because, after he had removed the wall of the seven-story building down to the third story of the four-story building, thus rendering the latter dangerous and insecure, the fire department caused it to be removed. It was his act that brought on the proceeding by the fire department. He created the danger which invoked its action. It was due to his act solely that the building was finally taken down, and the plaintiff ousted and deprived of his lease. While no authority is needed for a conclusion depending on such obvious principles of right and justice, the case of *Richards* v. *Rose* (9 Exchequer R. 218) may be cited as having some bearing. There it was held, that where several houses belonging to the same owner are built together, so that each requires the mutual support of the neighboring house, and the owner parts with one of the houses, the right to such mutual support is not thereby lost, the legal presumption being that the owner reserves to himself such right, and at the same time grants to

the new owner an equal right; and consequently if the owner parts with several of the houses at different times, the possessors still enjoy the right to mutual support, the right being wholly independent of the question of the priority of their titles.

The learned counsel for the defendant complains that an improper rule or measure of damages was adopted by the trial judge. It was provided in the lease of the store to the plaintiff that the store should be used exclusively for the sale of confectionery; and at the time the plaintiff was evicted and his business broken up he was doing a large and profitable business in his line, and had on hand a large quantity of confectionery which he was required to remove. The trial judge held that if the plaintiff was entitled to recover at all he was entitled to recover the damages which were the natural consequences of the destruction of the building occupied by him and his eviction therefrom. He had made some expenditures in fitting up the store for his business, and the judge charged the jury that they could take those expenditures into consideration. There was also damage to, and depreciation of, the stock of confectionery he had on hand, and the judge charged the jury that they could take that into consideration. He also charged the jury that, in estimating the plaintiff's damages, they could consider the profits he could have made in his business if he had been permitted to carry it on to the end of his lease. The charge of the judge as to these various items of damages seems to have been carefully limited and explained, and the only exception to which our attention is called bearing on the damages is the final exception in the case to the charge "in respect to the measure of damages." The judge was not requested to limit or explain his charge as to the measure of damages or in any way to modify the rules laid down by him, and his attention was not called to any particular part of his charge on the question of damages of which complaint was made; and hence the general exception is not available here. But the principal item of recovery was on account of the prospective profits in the plaintiff's business

during the remainder of the term of his lease, and that they were proper to be considered in estimating his damages in a case like this, where he was evicted and his business broken up by the trespass and wrong of the defendant, was decided in *Schile* v. *Brokhahus* (80 N. Y. 614).

The judgment should, therefore, be affirmed, with costs.

All concur, except GRAY, J., not voting.

Judgment affirmed.