# WEINMAN *v.* DE PALMA.

ERROR TO THE SUPREME COURT OF THE TERRITORY OF NEW MEXICO.

No. 173. Argued January 20, 1914.—Decided February 24, 1914.

Where the owner of demised premises makes a contract with an adjoining owner for construction of a party wall, which contract cannot be carried out according to its terms without entry upon the demised premises and undermining the tenant's wall, and the adjoining owner, or his servants, in performing the contract commit such a trespass upon the tenant's possession and undermine the wall, the contract is evidential of a command or approval of the trespass by the landlord, such as to render him liable severally, or jointly with the adjoining owner, in an action by the tenant for the resulting damages.

Where a trespass results in the destruction of a building with consequent interruption of a going business, the loss of future profits—

reasonably certain and proved with reasonable exactitude—is a proper element for consideration in awarding compensatory damages.

Where the contractor is required to follow instructions of the owner he is not such an independent contractor as to relieve the owner of liability for his acts.

The "independent contractor" doctrine does not apply where the work that the contractor does amounts in itself to a nuisance or necessarily operates to destroy the property of another.

16 New Mex. 302, affirmed.

THE facts are stated in the opinion.

*Mr. Neill B. Field* for plaintiffs in error.

*Mr. F. E. Wood,* with whom *Mr. Owen N. Marron* and *Mr. A. B. McMillen* were on the brief, for defendants in error.

MR. JUSTICE PITNEY delivered the opinion of the court.

In November, 1901, Weinman, one of the plaintiffs in error, being the owner of a building and lot of land in Albuquerque, New Mexico, leased them to defendants in error for a term of two years, to commence in December, following. They entered into possession, and occupied and used the building in their business of prescription and retail druggists. Plaintiff in error Barnett was the owner of an adjoining lot and building. Some time in May or June, 1902, while the Weinman building was occupied by defendants in error, Barnett took down and removed his building, including the wall adjacent to the Weinman building. The east wall of the latter was an old adobe wall that stood close to, but perhaps a few inches away from, the easterly boundary line of the lot. In May, 1902, Weinman and Barnett entered into an agreement in writing, whereby Barnett was to construct a party wall,

to stand one-half of its full thickness upon each lot; the footing course to be 40 inches wide; the foundation wall to be 18 inches thick from the top of the footing to its full height, where it was to receive the first floor joists; the wall above that to be of less thickness. It was stipulated that Barnett should be permitted to take down any part of the east wall of the Weinman building as might be necessary in order to locate the new wall centrally over the property line, and if through his fault damage should be done to the Weinman building, he was to make it good. In the execution of this agreement, it was necessary to undermine the east wall of the Weinman building. Barnett made an agreement with one Grande, a general contractor, by which the latter was to do the excavation and stone work according to plans and specifications, and as directed by La Driere, a superintendent who was in Barnett's employ. Grande proceeded under La Driere's direction to do the work. It would seem that the purpose was to excavate for the party wall in sections, so that support for the Weinman building should not at any time be entirely lacking. On or about June 30, the contractor having excavated for a space about 5 feet in length along the line between the two lots at the northeast corner of the Weinman building, and extending under the east wall of that building for approximately 12 inches, the wall fell, damaging the stock-in-trade and fixtures of defendants in error, and rendering the building untenantable. They removed what remained of their stock and fixtures to another and less desirable location, and carried on their business there, up to the time their lease of the Weinman lot and building would have expired by its terms. After the wall fell, Weinman made demand for the rent payable by the lease for the month of July, 1902, and, defendants in error having refused to pay it, Weinman took possession.

Defendants in error brought suit against both Weinman

and Barnett in the district court of one of the counties of the then Territory of New Mexico. The action was in the nature of an action of trespass, and damages were claimed for the destruction of parts and injury to other parts of the stock-in-trade and fixtures, for the being compelled to remove to a less favorable location at considerable expense, and for the loss of profits in the business. (There was also a claim of damages for eviction and the loss of the leasehold, but this was afterwards abandoned.)

Answers were filed, and there were subsequent amendments to the pleadings, but it is not necessary to recite them.

The action has been at least three times tried by jury, and three times reviewed by the Supreme Court of New Mexico. Upon the first trial a verdict was directed in favor of defendants, and the Supreme Court reversed the judgment and remanded the cause for a new trial. 13 New Mex. 226. The second trial resulted in a verdict and judgment for plaintiffs, which was reversed because compensation for loss of profits and for goods injured was included without sufficient evidence to sustain this part of the recovery. 15 New Mex. 68. At the last trial, the proof was to some extent supplemented, and there was a judgment in favor of plaintiffs for $7,738, based upon the verdict of a jury for that amount. On appeal, the Supreme Court found error only with respect to the proof as to damaged goods, and required plaintiffs to elect whether they would file a *remittitur* of $770 on this account, or submit to a new trial. 16 New Mex. 302. They chose the former alternative, and the judgment was affirmed for the reduced amount. The present writ of error was then sued out.

The record is voluminous. In the territorial Supreme Court, 105 assignments of error were filed in behalf of Barnett and 68 in behalf of Weinman. In this court the assignments of error are 110 in number. We shall make no

effort to deal with them in detail. The points that seem to require mention are the following:

We agree with the Supreme Court of New Mexico that where the owner of demised premises makes a contract with an adjoining owner for the construction of a party wall, which contract cannot be carried out according to its terms without entry upon the demised premises and an undermining of the tenant's wall, and the adjoining owner or his servants in the performance of the contract do commit such a trespass upon the tenant's possession and undermine the wall, the contract is evidential of a command or approval of the trespass by the landlord, such as to render him liable severally, or jointly with the adjoining owner, in an action by the tenant for the resulting damages. *Lovejoy* v. *Murray*, 3 Wall. 1, 9; *Northern Trust Co.* v. *Palmer*, 171 Illinois, 383, 388; *Collins* v. *Lewis*, 53 Minnesota, 78, 83; *Snow* v. *Pulitzer*, 142 N. Y. 263, 268.

In our opinion, the court correctly held that where a trespass results in the destruction of a building, with consequent interruption of a going business, the loss of future profits (these being reasonably certain and proved with reasonable exactitude), forms a proper element for consideration in awarding compensatory damages. *Allison* v. *Chandler*, 11 Michigan, 543, 550; *Schile* v. *Brokhahus*, 80 N. Y. 614, 620; *Snow* v. *Pulitzer*, 142 N. Y. 263, 270; *Chapman* v. *Kirby*, 49 Illinois, 211, 219; *City of Terre Haute* v. *Hudnut*, 112 Indiana, 542, 552; *Fibre Co.* v. *Electric Co.*, 95 Maine, 318, 327. And see *Anvil Mining Co.* v. *Humble*, 153 U. S. 540, 549; *Brown* v. *Honiss*, 74 N. J. Law, 501, 514.

We agree also with the court below that upon the last trial there was legitimate evidence upon which to base an allowance of damages for loss of profits, and no substantial error in the rulings on evidence or in the instructions to the jury upon the subject.

It is contended that plaintiffs in error are not responsible

for what was done by Grande in building the party wall because he was an independent contractor.

But the evidence showed that he was required to follow the instructions of La Driere, who was Barnett's agent, and that La Driere was in fact in charge of the work. For this reason it was properly held that Grande was not an independent contractor. *Railroad Co.* v. *Hanning*, 15 Wall. 649, 657; *Singer Mfg. Co.* v. *Rahn*, 132 U. S. 518, 523.

Nor does the "independent contractor" doctrine apply where the work that the contractor is to do of itself amounts to a nuisance or necessarily operates to injure or destroy the property of plaintiff. *Chicago* v. *Robbins*, 2 Black, 418, 426; *Robbins* v. *Chicago*, 4 Wall. 657, 678.

The other points that are raised have been examined, and we find no material error. They have been sufficiently discussed in the court below, and require no particular mention here.

*Judgment affirmed.*