## SODERBERG v. ATLANTIC LIGHTERAGE CORPORATION et al.

Circuit Court of Appeals, Second Circuit. May 2, 1927.

No. 270.

1. **Collision** ☞116—**In barge owner's libel against charterer for damages from pounding against ship, shipowner was properly impleaded by charterer (admiralty rule 56).**

In libel by barge owner against charterer for damage to barge, due to pounding against ship in heavy blow, shipowner was properly impleaded by charterer under the fifty-sixth admiralty rule.

2. **Courts** ☞343—**Constitutional powers of federal courts cannot be extended by procedural rule; hence controversy added by impleading party must come within constitutional jurisdiction of court.**

A procedural rule cannot extend the constitutional powers of federal courts, and hence controversy added by impleading another party must fall within some part of the substantive jurisdiction granted by the Constitution to the court involved.

3. **Admiralty** ☞50—**Party may be impleaded, though not jointly liable with respondent or claimant, if controversy added is within admiralty jurisdiction (admiralty rule 56).**

Under admiralty rule 56, a party may be impleaded, though there be no joint liability between respondent or claimant and such party, provided only that the controversy added be within admiralty jurisdiction.

4. **Collision** ☞115—**Ship's agents at berth held independent contractors, and shipowner not liable for damages to barge through negligence of stevedores employed by agents.**

Ship's agents, having complete charge of booking and collection of freights, lading and discharge of vessel, and all matters arising at berth, and required only to remit net proceeds to owner, *held* independent contractors, such that shipowner was not liable for damage to barge from pounding against ship, due to negligence of stevedores employed by ship's agents.

5. **Bailment** ☞1—**Ship held not bailee of barge discharging cargo from alongside, as affects liability for damage to barge due to pounding in heavy blow.**

Where barge was damaged through pounding against ship in heavy blow, due to negligence of stevedores employed by ship's agents, independent contractors, ship was not a bailee of the barge while she lay alongside, so as to make her liable for such damage.

Appeal from the District Court of the United States for the Southern District of New York.

Libel by Ernest Soderberg against the Atlantic Lighterage Corporation, in which the latter impleaded the Cunard Steamship Company, Limited. From a decree (17 F.[2d] 180) for libelant, against the Cunard Steamship Company primarily and against the Lighterage Corporation secondarily, the former appeals. Decree reversed as to appellant, and libel and petition of intervention dismissed as to it, and decree affirmed as to Lighterage Corporation.

Appeal from a decree of the District Court for the Southern District of New York, holding primarily liable the Cunard Steamship Company, and secondarily· liable the Atlantic Lighterage Corporation, for damages done to the libelant's barge while discharging alongside the ship Anglo-Chilean.

The libelant chartered the barge to the Atlantic Lighterage Corporation, which laded her with cargo for the Anglo-Chilean, and towed her to the slip in Brooklyn, where the ship lay. On the following day she was hauled alongside, and partly discharged her load; but, as the weather became bad, she was at night put further up the slip alongside the bulkhead, where she rode in safety. On the morning of the second day stevedores engaged in lading the ship hauled her once more alongside, where she sustained damage due to pounding in a heavy blow. It is not disputed that the circumstances were such as made it negligent to haul the barge to this berth, and that the stevedores at any rate were liable. They were employed to lade the ship by Funch, Edye & Co., a corporation which the Cunard Company had in turn employed as the ship's agents.

The relation between Funch, Edye & Co. and the Cunard Steamship Company, as stipulated, was as follows: They were to book the cargo and handle the vessel in Rotterdam and Amsterdam berths. She was turned over to them to make all arrangements for loading and discharging, including the selection of her berth in the port of New York. They were to employ any stevedores, pay and deduct all disbursements, book and collect freights, and remit the proceeds after deducting their own commissions.

The libelant sued the charterer in contract for failure to return the barge in good condition, and the charterer impleaded the Cunard Steamship Company under the fifty-sixth rule. The District Judge held the company liable because Funch, Edye & Co. were its agents, and the stevedores were employed by them, and the company appealed.

Lord, Day & Lord, of New York City (George De Forest Lord, of New York City, of counsel), for appellant.

Macklin, Brown, Lenahan & Speer, of New York City (Pierre Brown and James M. Gorman, both of New York City, of counsel), for appellee Atlantic Lighterage Corporation.

Eugene Underwood, of New York City, for appellee Soderberg.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

·L. HAND, Circuit Judge (after stating the facts as above). [1-3] The first point raised is that under our decision in The Southern Cross, 10 F.(2d) 699, the Cunard Steamship Company could not be impleaded because it was not jointly liable with the charterer. This rests upon a misapprehension of the decision in that case, perhaps excusable because of some of the language used. The question there mooted was of the liability of certain ships for the wharfage of lighters, berthed at Brooklyn wharves. These craft had been sued in rem, and impleaded the ships, which had either discharged their cargoes into the lighters, or were to lift the loads which they brought alongside. We considered the merits, which were not before us if the ships were not properly impleaded, and thought the reasoning by which their liability was ·asserted a "complete non sequitur," and unworthy of serious consideration. It is true that the opinion then went on to say that a passage in our opinion in Aktieselskabet Fido v. Lloyd Braziliero, 283 F. 62, 72, had definitively committed the court to the proposition on which the appellant relies, but it was unnecessary so to decide. The case cited did not itself decide that a party impleaded under the fifty-sixth rule must be jointly liable with the respondent or claimant. It turned upon the fact that the controversy there sought to be introduced into the original suit was not within the jurisdiction of the admiralty. We thought, and still think, that a procedural rule cannot extend the constitutional powers of federal courts, and that the controversy added must at least fall within some part of the substantive jurisdiction granted by the Constitution. It is not necessary here to determine whether the District Court could introduce such a controversy, though it was not of admiralty jurisdiction, if it was within some one of its other grants of jurisdiction. All we need say is that if it be within the· jurisdiction of the

admiralty, it need not be upon a joint liability of the respondent or claimant and the party impleaded. Indeed, a contrary ruling would be in the very teeth of the rule itself, which allows the claimant or respondent to ·implead a vessel or person "who may be partly or wholly liable either to the libelant or to such claimant or respondent by way of remedy over, contribution or otherwise, growing out of the same matter." This at least covers any such liability which is cognizable in the admiralty. We hold, therefore, that the Cunard Steamship Company was properly impleaded in the case at bar.

[4] Coming then to the merits, the only question is whether Funch, Edye & Co. were independent contractors, or agents of the Cunard Steamship Company in such sense as to impute liability to it, not only for their faults but even for those of stevedores employed by them. We pass the last, and assume for argument that Funch, Edye & Co. were liable. 'The upshot of the stipulation is that the whole business of the ship in port, that is, the booking and collection of freights, her lading and discharge, all matters which arose at the berth—these were in the hands of ship's "agents," so called, who were to have control of them at their own advices. The owner was only to receive the net proceeds, when the work was done. Perhaps the agents might have been discharged while the work was on at the pleasure of the Cunard Company; that possibility is not important. While the relation continued, the agents had entire autonomy; they were not subject to the immediate direction of the owner in respect of what they should do, or how they should do it; the parties did not mean that he should have power to intervene in the details of the work while it went on. That is the test, plain enough in principle, though not always easy of application. Singer Mfg. Co. v. Rahn, 132 U. S. 518, 10 S. Ct. 175, 33 L. Ed. 440; Casement v. Brown, 148 U. S. 615, 622, 13 S. Ct. 672, 37 L. Ed. 582; Weinman v. De Palma, 232 U. S. 571, 34 S. Ct. 370, 58 L. Ed. 733; Ch., R. I. & Pac. Ry. v. Bond, 240 U. S. 449, 456, 36 S. Ct. 403, 60 L. Ed. 735; Metcalf & Eddy v. Mitchell, 269 U. S. 514, 521, 46 S. Ct. 172, 70 L. Ed. 384; The Satilla, 235 F. 58 (C. C. A. 2); Foard v. Maryland, 219 F. 827 (C. C. A. 4); The Robert R., 255 F. 37 (C. C. A. 2).

[5] The argument that the ship was bailee of the barge, while she lay in the slip or alongside the ship, though pressed upon the argument, seems to us only to require a mention against the assumption that we may have ignored it.

Decree reversed in so far as it holds liable the Cunard Steamship Company and libel and petition of intervention dismissed as to it. Decree affirmed as against the respondent.