**BAGBY v. HODGE et al.   (No. 7146.)**

Court of Civil Appeals of Texas. Austin.
July 6, 1927.

**1. Landlord and tenant ☞180(3)—Petition against lessors for ejecting lessee, not alleging payment of rent, held good on general demurrer (district and county court rule 18).**

Petition for illegally and forcibly ejecting lessee from premises leased from defendants, not alleging payment of rent, *held* sufficient on general demurrer, in view of district and county court rule 18, giving pleading every reasonable intendment in favor of its sufficiency on general exception or demurrer.

**2. Landlord and tenant ☞103(1)—Generally, breach of covenant in lease does not work forfeiture or give lessor right to re-enter, in absence of express agreement.**

As general rule, breach of mere covenant in lease contract does not work forfeiture or give lessor right to re-enter, unless contract contains express clause to that effect.

**3. Landlord and tenant ☞108(1)—Breach of covenant to pay rent does not work forfeiture or give lessor right to re-enter, in absence of express agreement.**

Breach of covenant to pay rent does not work forfeiture or give lessor right to re-enter, unless there is express clause in agreement to such effect.

**4. Damages ☞40(1)—Loss of future profits, shown to be natural and probable consequence of act or omission, if amount is shown with reasonable certainty, is element of damages.**

As general rule, future profits can be collected as damages if loss of profits is shown to be natural and probable consequence of act or omission complained of, and their amount is sufficiently shown from data from which they may be ascertained with reasonable degree of certainty and exactness.

**5. Landlord and tenant ☞132(3), 180(4)—Tenant may recover future profits in proper case against landlord for illegally ejecting him or otherwise wrongfully interfering with possession.**

Tenant may recover against landlord, who illegally ejects him or otherwise wrongfully interferes with his possession, for loss of future profits, if there is data from which they may be ascertained with reasonable degree of certainty and exactness.

**6. Landlord and tenant ☞180(3)—Tenant's petition against landlords for wrongful eviction held not demurrable because allegations of loss of future profits were remote and speculative (district and county court rule 18).**

In view of district and county court rule 18, providing that in passing on general exception or demurrer every reasonable intendment shall be indulged in favor of pleading's sufficiency, petition against landlords for wrongful eviction *held* not subject to general demurrer, on ground that allegations as to loss of future profits were too remote and speculative.

**7. Pleading ☞192(2)—General demurrer held not to present objection that allegation that future profits from business would be increased was too speculative (district and county court rule 18).**

Under district and county court rule 18, providing that on general exception or demurrer every reasonable intendment shall be indulged in favor of pleading's sufficiency, general demurrer would not reach alleged defect in lessee's petition against landlords for wrongful eviction, that increased business in future was too remote and speculative as element of damage.

**8. Pleading ☞228—If allegations of damage to future profits of tenant, suing for wrongful eviction, were not sufficiently definite, defects should have been pointed out by special exception.**

If allegations of future profits of business of tenant, suing for wrongful eviction by landlords, were not sufficiently definite, such defect should have been pointed out by special exception.

Appeal from District Court, Runnels County; J. O. Woodward, Judge.

Action by J. H. Bagby against H. T. Hodge and others. From a judgment of dismissal, plaintiff appeals. Reversed and remanded.

Crager & Dickey, of Ballinger, for appellant.

A. K. Doss, of Ballinger, for appellees.

McCLENDON, C. J.   Suit by appellant against appellees for $4,750 actual and $4,750 exemplary damages for illegally and forcibly ejecting appellant from premises which appellant held under lease from appellees. The appeal is from a judgment of dismissal, upon appellant's refusal to amend after the court had sustained general demurrer to his petition.

Appellees contend that the general demurrer was properly sustained because the petition failed in the following two respects to allege a cause of action:

(1) Because it alleged that appellant agreed to pay $30 a month rent for the premises, and there was no allegation of payment.

(2) That the measure of damages alleged, consisting of profits from use of the premises, was remote and speculative and not recoverable in law.

[1] With reference to the first contention, the petition alleges that appellant leased the premises in question from appellees on the 28th day of April, 1926, for a period of 1 year, at a rental of $30 per month. The wrongful acts complained of were committed in August, 1926, and within the 1-year period. The contention of appellees that the failure to pay the rentals would necessarily make appellant a trespasser and give to appellees the right of re-entry, and therefore it was necessary in order to show rightful posses-

sion by appellant to allege such payment, is not sustained.

District and county court rule 18 provides that, in passing upon a general exception or demurrer, "every reasonable intendment arising from the pleading excepted to shall be indulged in favor of its sufficiency." Quoting from Golden v. Odiorne, 112 Tex. 544, 249 S. W. 822:

"A petition is only subject to a general exception or demurrer when, after every construction favorable to its sufficiency is indulged, it either fails to allege some element essential to a cause of action, or affirmatively negatives plaintiff's right to a recovery."

[2] It is the general rule that breach of a mere covenant in a lease contract will not work a forfeiture or give to the lessor the right of re-entry, unless "there is an express clause in the agreement to this effect." Johnson v. Gurley, 52 Tex. 222; 35 C. J. 1065, § 235.

[3] This rule applies to a breach of covenant to pay rent. Ewing v. Miles, 12 Tex. Civ. App. 19, 33 S. W. 235 (opinion by former Chief Justice Fisher of this court and writ of error refused by Supreme Court); 36 C. J. 599, § 1758; 35 C. J. 1065, § 235, and note 75.

From these authorities it is clear that the allegations of the petition were sufficient to show that appellant was rightfully in possession of the premises at the time he was ejected, regardless of whether he had defaulted in the rent.

Upon the question whether the landlord may forcibly eject the tenant upon accrual of right of re-entry the authorities differ. The majority holding supports this right. See 36 C. J. 600, § 1761, and authorities cited. The question does not appear to have been adjudicated in Texas. See 15 Texas & S. W. Dig. and supplements under Landlord & Tenant, 277(3). It is not briefed or otherwise raised in this case, and may not arise. We therefore do not decide it.

Upon the second contention, the petition alleges the rented premises to be about 10x12 feet in the front of the Maeroy Theater building, in Ballinger, which leased appellant for the purpose of operating a "hamburger, lunch, and cold drink stand"; that about August 1, 1926, defendants stacked brick in front of the premises and cut off his "curb trade," which caused him a loss of profits of $5 a day up to about the 17th day of August, when he was forcibly ejected from the premises; that his net profits from the business at that time amounted to about $10 per day, which we take not to include the curb trade. Additionally, he alleges that after August, when the fall business would pick up, his profits would be increased to $20 per day all told.

[4] The general rule with reference to future profits as damages is thus accurately given in 17 C. J. 785 et seq.:

"In the earlier cases there was a tendency to deny a recovery for lost·profits as an element of damages. The modern rule, however, does not deny a recovery of profits because of the fact that they are profits, but because they are speculative, contingent, or uncertain, and while there are many cases in which they have been denied upon these grounds, the generally accepted rule is that. where it is shown that a loss of profits is the natural and probable consequence of the act or omission complained of, and their amount is shown with sufficient certainty, there may be a recovery therefor; but anticipated profits cannot be recovered where they are dependent upon uncertain and changing conditions, such as market fluctuations, or the chances of business, or where there is no. evidence from which they may be intelligently estimated. So evidence to establish profits must not be uncertain or speculative. It is not necessary that profits should be susceptible of exact calculation; it is sufficient that there be data from which they may be ascertained with a reasonable degree of certainty and exactness."

[5] This rule applies to actions by tenant against the landlord for illegally ejecting him or otherwise wrongfully interfering with his possession of the rented premises. 36 C. J. 74, and notes 19 and 20.

In the case of Weinman v. De Palma, 232 U. S. 571, 34 S. Ct. 370, 58 L. Ed. 733, the Supreme Court of the United States, speaking through Mr. Justice Pitney, a case very similar to that at bar, ruled:

"In our opinion, the court correctly held that where a trespass results in the destruction of a building, with consequent interruption of a going business, the loss of future profits (these being reasonably certain and proved with reasonable exactitude) forms a proper element for consideration in awarding compensatory damages. Allison v. Chandler, 11 Mich. 543, 550; Schile v. Brokhahus, 80 N. Y. 614, 620; Snow v. Pulitzer, 142 N. Y. 263, 270, 36 N. E. 1059; Chapman v. Kirby, 49 Ill. 211, 219; Terre Haute v. Hudnut, 112 Ind. 542, 552, 13 N. E. 686; National Fiber Board Co. v. Lewiston & A. Electric Light Co., 95 Me. 318, 327, 49 A. 1075 [1095]. And see Anvil Min. Co. v. Humble, 153 U. S. 540, 549, 14 S. Ct. 876, 38 L. Ed. 814, 817; 18 Mor. Min. Rep. 98; Brown v. Honiss, 74 N. J. Law, 501, 514, 68 A. 150."

The above rules have been generally recognized in this state. Galveston, H. & S. A. R. Co. v. De Groff, 102 Tex. 433, 118 S. W. 134, 21 L. R. A. (N. S.) 749; San Antonio v. Royal (Tex. Com. App.) 16 S. W. 1101; American Const. Co. v. Caswell (Tex. Civ. App.) 141 S. W. 1013; American Const. Co. v. Davis (Tex. Civ. App.) 141 S. W. 1019. In the American Construction Company Cases, Associate Justice Jenkins, speaking for this court, states the rules in this concise language:

"Lost profits, proximately caused by wrongful acts, when capable of reasonable ascertainment, are a proper element of damages."

[6] It is clear, therefore, that the petition was not subject to general demurrer under the allegations of damage. It may be that the prospect of increased business in the fall would come under the rule of being too speculative and remote, but that would depend upon a proper application of the above rules as to whether they could be proved with reasonable certainty.

[7, 8] A general demurrer would not reach this issue, in view of rule 18 above, and even if it would, the remaining allegations of damage were manifestly sufficient as against a general demurrer. If they were not sufficiently definite, this should be pointed out by special exception.

The trial court's judgment is reversed and the cause remanded for trial.

Reversed and remanded. '