## PEOPLE'S TRUST CO. v. RILEY.
### (No. 7140.)

Court of Civil Appeals of Texas. Austin.
July 27, 1927.

Rehearing Denied Oct. 5, 1927.

Writ of Error Dismissed by Supreme Court
Dec. 14, 1927.

**1. Trial ☞350(3)—Failure to submit question whether grantor of timber deed knew that plaintiff was owner of deed of trust held not error in grantee's cross-action for wrongful injunction.**

In timber purchaser's cross-action for wrongful injunction against transferee of trust deed purchasing land at foreclosure, failure to submit to jury issue of whether owner, at time of execution of contract to sell timber, could have learned that transferee was owner of note secured by trust deed, which was not transferred of record, was not error, where it was not shown that such owner was timber buyer's agent to secure information as to the transfer.

**2. Trial ☞350(3)—Unless agency of landowner for timber purchaser was established, owner's want of diligence in procuring information contradicting records was not chargeable to purchaser, and issue as to knowledge of ownership of note was not necessary.**

Where transferee of note secured by trust deed brought foreclosure suit, and purchased lands, and thereafter sued to enjoin defendant from cutting timber thereon, unless agency of defendant's vendor was first established, vendor's diligence in procuring information as to ownership of trust deed which contradicted deed records could not be chargeable to defendant, and hence failure to submit to jury issue as to whether defendant could have learned that plaintiff was owner of note at time of sale of timber was not error.

**3. Trial ☞350(3)—Submitting issue whether timber purchaser had notice that plaintiff owned note and trust lien held proper under pleadings and evidence of innocent purchase.**

In suit to enjoin cutting of timber from lands, issue whether, at time transfer of timber was made to defendant, he had notice that plaintiff was owner of note described in deed of trust to lands, was properly submitted; it having been raised by pleading and evidence on question whether defendant was innocent purchaser for value, without notice that plaintiff owned note and lien.

**4. Appeal and error ☞1070(1)—Where proper amount recoverable was awarded, plaintiff was not injured because jury arrived at amount in improper manner.**

In suit to enjoin cutting of cedar timber, where defendant, by cross-action, for damages, alleged he was innocent purchaser, and where proper amount recoverable by defendant under pleadings and evidence was awarded to him, plaintiff was not injured, though jury may have arrived at amount of damages in an improper manner.

**5. Appeal and error ☞932(1)—Where application of proper measure of damages is for court, it will be presumed court applied proper measure, in absence of contrary showing.**

Where application of proper measure of damages is within court's province, and where facts are found by jury, supported by competent evidence on issues to which no objection was made, it will be presumed that court applied proper measure of damages in support of his judgment, in absence of clear showing to contrary.

**6. Appeal and error ☞1070(1)—Plaintiff was not injured, where defendant remitted increased cost per acre required to remove usable timber from cut-over land.**

In suit to enjoin cutting of timber, where defendant brought cross-action for damages, alleging he was innocent purchaser, and jury found that he would have made same profit per car on timber, he was prevented by injunction from cutting and marketing, as he averaged on cars marketed theretofore, plaintiff was not injured, where defendant remitted from verdict increased amount it would have cost him to cut and market timber from cut-over ground.

**7. Logs and logging ☞8(3)—Plaintiff, wrongfully preventing, by injunction, defendant's performance of logging contract, could not demand that he fulfill contract after time for performance expired.**

Plaintiff, having wrongfully prevented, by injunction, defendant's performance of contract to remove cedar timber from land within time fixed by contract, could not demand that defendant proceed to fill contract after time for its performance had expired.

**8. Logs and logging ☞8(3)—Plaintiff, wrongfully preventing, by injunction, performance of defendant's contract, could not complain that defendant elected to treat it as terminated and recover for damages.**

Where plaintiff wrongfully prevented, by injunction, defendant's performance of his contract to remove cedar timber from land within a time fixed in the contract, it could not thereafter complain that defendant elected to treat contract at an end and recover damages accordingly.

Appeal from District Court, San Saba County; J. H. McLean, Judge.

Suit by the People's Trust Company against A. V. Riley. From a judgment for defendant, plaintiff appeals. Affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

J. H. Baker, of San Saba, for appellant.
N. C. Walker, of San Saba, for appellee.

BAUGH, J. This is an appeal from a judgment in favor of A. V. Riley against the People's Trust Company on his cross-action for damages against said trust company and its surety, the American Surety Company of New York, for wrongfully enjoining the said Riley from cutting and marketing cedar timber on certain lands in San Saba county, Tex. Riley recovered a judgment for $914 against appellant and its surety. The facts appear substantially as follows: On or about March 7, 1923, A. V. Riley purchased from R. R. Low, under written contract of that date, the cedar timber on certain lands in San Saba county then owned by Low, and was given in said contract until September 26, 1925, to cut and remove same. The land was subject to a deed of trust lien executed by former owners thereof to secure a $12,000 note payable to one L. C. Smith, payment of which note had been assumed by Low. This note had been purchased by appellant from Smith, but no transfer of the note or lien was recorded in San Saba county. Upon default in the payment of said note, appellant herein foreclosed its deed of trust lien in April, 1924, and bought in said lands at sheriff's sale, in June, 1924. On July 3, 1924, while A. V. Riley was cutting the timber from said lands, the appellant obtained an injunction restraining him from cutting and removing any such timber thereafter.

In its application for such injunction appellant alleged that it was the owner of said $12,000 note and lien at the time Riley leased or purchased said cedar timber from Low, and that said sale by Low was made without its knowledge or consent, and without notice to it. It appears that no hearing was had upon said temporary injunction until November, 1926, long after the expiration under its terms of Riley's contract with Low. In his cross-action for damages, Riley alleged, amongst other things, that he was an innocent purchaser of said timber; that he had refused to pay the purchase price therefor until Low had obtained the consent of L. C. Smith, the record holder of said note and lien; that Low had for a number of years been the agent of Smith in San Saba county in all such matters, which fact was well known to Riley and his attorney; and that Low had advised Riley's attorney that he had obtained the written consent of Smith to such sale of the cedar; and that appellant was guilty of negligence in not placing of record in San Saba county a transfer to it of said note and lien. He further alleged that, by reason of such wrongful issuance of said injunction, he was prevented from cutting and marketing the remaining cedar timber on said lands and deprived of profits he would

have made therefrom in the sum of $1,213.44, for which he sued.

By supplemental petition, appellant, in addition to denial of the facts alleged as a basis for Riley's cross-action, alleged that, at the time of the purchase of the timber, appellee made R. R. Low his agent to investigate the title to said lands, and that said Low knew, or by the use of reasonable diligence could have learned, that appellant, and not Smith, was the then owner of said note and lien, and that such knowledge should have been imputed to Riley.

The case was submitted to a jury on special issues, and, upon their answers thereto and the remission by Riley of $120 of the amount found by the jury, the court rendered judgment in favor of appellee.

[1, 2] Appellant brings four assignments of error. The first complains of the failure of the trial court to submit to the jury the issue of whether or not Low knew, or by the exercise of reasonable diligence at the time of the execution of the contract with Riley could have learned, that appellant was the owner of the $12,000 note in question. We overrule this assignment. Low was not shown as a matter of law to have been made the agent of Riley for any purpose. Appellant pleaded that Low was made Riley's agent, but, even if raised by the evidence, no such issue was submitted to the jury and none requested. And, unless such agency was first established, Low's diligence in procuring information which contradicted the deed records could not have been chargeable to Riley. The evidence shows, on the contrary, that Walker, Riley's attorney, was his agent in the transaction; that Low was owner of the land, a party to the contract, and his interest adverse to that of Riley; and that Riley demanded that he give him clear title to the timber by securing the written consent of the record lienholder. Low testified that he obtained Smith's written consent, and that he so notified Walker, who paid him the money for Riley.

[3] The second assignment is also overruled. It complains of issue No. 1 submitted to the jury. This issue was as follows:

"At the time the transfer of cedar was made by R. R. Low to A. V. Riley, did the said A. V. Riley have notice, or could he, by the exercise of ordinary diligence, have had notice, that the People's Trust Company was the owner of the $12,000 note described in the deed of trust from A. Behrens and wife to M. M. Moss, trustee, for the use of L. C. Smith?"

This issue was properly submitted. It was raised by the pleadings and the evidence on the question of whether Riley was an innocent purchaser for value without notice that appellant owned said note and lien. The jury answered it in the negative, and there was sufficient evidence to sustain that finding.

[4, 5] The third and fourth assignments

of error, though not properly preserved nor presented in accordance with the rules, complain of the manner in which the damages claimed were presented to the jury, and that an improper measure of damages was presented. Appellant made no objection to the issues as presented to the jury, nor did it offer any charges in lieu of those submitted.

We think that the measure of damages pleaded was correct, and, though the jury may have arrived at the amount in an improper manner, the proper amount recoverable under the pleadings and the evidence was awarded, and appellant was not injured. Appellee was not required to plead the measure of damages to be applied. The application of a proper measure of damages is within the province of the court, and, where facts are found by the jury, supported by competent evidence on issues to which no objection was made, it will be presumed that the court applied a proper measure of damages in support of his judgment, in the absence of a clear showing to the contrary. Davis v. Standard Rice Co. (Tex. Civ. App.) 293 S. W. 597; Machaelis v. Preddy (Tex. Civ. App.) 295 S. W. 305; Western Union Tel. Co. v. Shults (Tex. Civ. App.) 297 S. W. 275.

It now seems well settled that, where an injunction is wrongfully sued out, the injured party is entitled to recover his damages, including loss of profits, to an established business where such damages can be ascertained with reasonable certainty. Galveston City Ry. Co. v. Miller (Tex. Civ. App.) 38 S. W. 1132; 32 C. J. 468; Am. Construction Co. v. Caswell (Tex. Civ. App.) 141 S. W. 1013; Magnolia Petroleum Co. v. Port Arthur (Tex. Civ. App.) 209 S. W. 811; Miller Surfacing Co. v. Bridgers (Tex. Civ. App.) 269 S. W. 838; Weinman v. De Palmer, 232 U. S. 571, 34 S. Ct. 370, 58 L. Ed. 733; Bagby v. Hodge, 297 S. W. 882, decided by this court.

[6] In response to the issues submitted to them without objection by appellant, the jury, in effect, found that Riley would have made the same profit per car on the 12 cars of cedar timber which they found he was prevented by the injunction from cutting and marketing, as he averaged on the 465 cars he testified that he did market that year. Such was the net result of their finding and the basis of the court's judgment. The testimony showed that, because the ground had been cut over and the usable timber remaining thereon consequently scattered, it would have cost about $10 per car more to have same cut than was usual in good timber. But appellee remitted $120 of the amount found in his favor, or $10

per car on the 12 carloads he lost, and appellant was not injured. We deem it unnecessary to enter into a detailed discussion of the evidence, the issues submitted, and the apparent method by which the jury arrived at their findings. Suffice it to say that we think that the lost profits alleged were shown and were arrived at with reasonable certainty under the uncontroverted evidence.

[7, 8] In a supplemental argument appellant urges as fundamental error that appellee's pleadings of his cross-action were fatally defective, in that they showed no loss to appellee, its contention being that, conceding that the injunction was wrongful, it could only delay the cutting of said timber while the injunction was in force; that appellee was entitled upon hearing to have same dissolved, and, after its dissolution in November, 1926, notwithstanding the expiration of his lease contract meantime, he was entitled to have a reasonable time, not to exceed the length of time he was restrained by the injunction, in which to cut and remove said timber, citing Hodges v. Miller (Tex. Civ. App.) 244 S. W. 634; T. P. Coal & Oil Co. v. Patton (Tex. Com. App.) 238 S. W. 202; and Knox v. Brown (Tex. Com. App.) 277 S. W. 619.

These cases announce the rule that, where one wrongfully causes the breach of a contract, particularly where time is of the essence thereof, he cannot take advantage of his own wrong, but that the other party to the contract is entitled to a reasonable additional time to that fixed in the contract in which to perform. We do not understand these cases as holding, however, that the injured party must in any event continue his performance of such contract after its breach by the other party. He is entitled to do so if he chooses, but, appellant having wrongfully prevented Riley's performance within the time fixed in the contract, it is in no position to demand that he proceed to fulfill such contract after the time for its performance had expired. Whether or not he could have minimized his loss by so doing is not raised. By purchase at sheriff's sale appellant came into possession of the land and the timber involved, and immediately repudiated the contract Low made. It cannot thereafter complain that Riley elected to treat said contract at an end and to recover his damages accordingly. Such a construction is not in conflict with the cases cited.

Finding no reversible error in the record the judgment of the trial court is affirmed.

Affirmed.