**MARKS et al. v. F. W. WOOLWORTH CO.**

**F. W. WOOLWORTH CO. v. CARSON.**

Circuit Court of Appeals, Fifth Circuit.
April 16, 1929.

Rehearing Denied May 15, 1929.

No. 5441.

Dexter Hamilton, of Dallas, Tex., and W. A. Tarver, of Corsicana, Tex. (Davis, Jester & Tarver, of Corsicana, Tex., and Cockrell, McBride, O'Donnell & Hamilton, of Dallas, Tex., on the brief), for appellants Marks and others.

Alex W. Spence, of Dallas, Tex. (Smithdeal, Shook, Spence & Bowyer, of Dallas, Tex., on the brief), for appellee and appellant Woolworth Co.

C. W. Taylor, of Corsicana, Tex. (Taylor & Howell, of Corsicana, Tex., on the brief), for appellee Carson.

Before BRYAN and FOSTER, Circuit Judges, and DAWKINS, District Judge.

BRYAN, Circuit Judge. A party wall between the one-story building of Marks Bros. and the two-story building of Sophia Baum collapsed shortly after the Marks building was razed to permit the erection of a two-story building in its place. The F. W. Woolworth Company, lessee of the Baum building, brought this suit against Marks Bros., their contractor John R. Carson, and Mrs. Baum, to recover for the damage to their stock of goods and for loss of profits in their mercantile business. There was a verdict and judgment against Marks Bros. and in favor of Carson and Mrs. Baum.

There was evidence to the following effect: Carson caused to be performed the actual work of demolishing the Marks building and of digging an excavation for the foundation of the building to be erected alongside the party wall under a contract with Marks Bros. which provided that he

would construct the new building according to plans and specifications furnished him and under the direction of the architect for the owners. He failed to fill up holes in the wall caused by the removal of the joists of the floor and the roof. He also failed to brace the wall or to give it any lateral support. Mrs. Baum refused to consent to the building of a new party wall, but in order to make the old wall solid, in accordance with the provisions of the party wall agreement, filled in the windows of the second floor of her building with brick and masonry, and thus caused to be greatly increased the weight that had to be sustained by the lower portion of the wall.

The court refused to permit the architect to testify that it was the customary and usual local practice to excavate the entire space for a foundation wall continuously and thereby to contradict the testimony of another witness who stated that the only safe way to make such excavations was in alternate sections; and on the cross-examination of that witness overruled an objection to the question whether he had not said that he knew the wall was not in good condition and had cautioned Carson not to disturb it. The architect had testified on the direct examination that he had nothing to do with directing Carson in the tearing down of the building. The court refused to admit testimony to show that the local manager of the Woolworth Company refused to permit the construction of a false wall inside the Baum building or the removal of the old wall and the building of a new one. At the conclusion of the evidence Marks Bros. filed a motion for a directed verdict on the ground that as Carson was an independent contractor they were relieved from liability. This motion the court denied.

The several rulings of the trial court above set out were excepted to and are assigned as error in an appeal by Marks Bros. The Woolworth Company also has taken an appeal from the judgment in so far as it is in favor of the contractor Carson, but it desires to insist upon its appeal only in the event the judgment against Marks Bros. is reversed.

We are of opinion that no reversible error is shown in the several rulings upon the admission and rejection of evidence. A custom of excavating in a certain manner for foundations, whether it be local or general, cannot be relied on if it is in fact a negligent custom, and such as would not be adopted by a prudent person in the exercise of reasonable care. "What usually is done may be evidence of what ought to be done, but what ought to be done is fixed by a standard of reasonable prudence, whether it usually is complied with or not." Texas & Pacific Ry. Co. v. Behymer, 189 U. S. 468, 23 S. Ct. 622, 47 L. Ed. 905. The question asked the architect on cross-examination was admissible to impeach his testimony on direct examination which tended to show that Carson was an independent contractor. It well may be doubted that the local manager for the Woolworth Company was shown to have authority either actual or apparent to enter into any agreement affecting the lease; but in any event the Woolworth Company was under no duty to assist in protecting the party wall, at least in so far as Marks Bros. were concerned. Marks Bros. were under the duty to take reasonable precautions to protect the party wall, and could not delegate that duty to an independent contractor. Weinman v. De Palma, 232 U. S. 571, 34 S. Ct. 370, 58 L. Ed. 733, affirming a decision of the Supreme Court of New Mexico, 15 N. M. 68, 103 P. 782, 24 L. R. A. (N. S.) 423. See, also, Bower v. Peate, 1 Q. B. (1876) 321; Brady v. Jay, 111 La. 1071, 36 So. 132; Ohio South Railroad Co. v. Morey, 47 Ohio St. 207, 24 N. E. 269, 7 L. R. A. 701; 21 A. L. R. 1016. Moreover, under the evidence in this case it clearly was a question for the jury whether Carson was an independent contractor or did his work under the supervision and direction of the architect for the owners. And so in any view that may be taken of the case it was not error to deny the motion for a directed verdict.

It is argued finally that the verdict is inconsistent, in that it was in favor of the contractor who directed all the work of razing the building and against the employers who had nothing to do with the actual execution of that work and who consequently could be held liable only under the doctrine of res pondeat superior. It may be that the verdict was illogical, but it is a good verdict if it is consistent with itself. That it was consistent in the legal sense we have no doubt. Sasser v. United States (C. C. A.) 29 F. (2d) 76. The action is in tort, is joint and several, and of such a nature that there does not exist in favor of Marks Bros. the right of contribution. 6 R. C. L. 1054.

The judgment is affirmed.