Robert W. **ANDERSON**

v.

**UNITED STATES of America**

and

**Norfolk Dredging Company.**

**Civ. A. No. 31849.**

United States District Court
E. D. Pennsylvania.
Oct. 10, 1966.

See also D.C., 220 F.Supp. 769.

------◆------

Harold E. Kohn, Philadelphia, Pa., for plaintiff; Dilworth, Paxson, Kalish, Kohn & Dilks, Philadelphia, Pa., of counsel.

Drew J. T. O'Keefe, U. S. Atty., Joseph R. Ritchie, Jr., Asst. U. S. Atty., Philadelphia, Pa., for the United States.

Krusen, Evans & Byrne, John Patrick Kelley, Philadelphia, Pa., for Norfolk Dredging Co.

## OPINION

KRAFT, District Judge.

In August of 1961, the plaintiff was, and still is the owner of a tract of land on Deal Island, Somerset County, Maryland. On or about the above date, Norfolk Dredging Company (Norfolk) was conducting dredging operations in the vicinity of Deal Island pursuant to a contract with the Corps of Engineers, United States Army.

As a necessary and concomitant result of these dredging operations, Norfolk entered upon plaintiff's land and there dug a trench, constructed a dike and deposited the by-product of its dredging operation, consisting primarily of mud and silt, to the depth of eight feet. These operations were performed by Norfolk "for the benefit of and on behalf of the United States of America",[1] as provided in the contract between Norfolk

and the United States. The site of this dumping operation was one of four specific areas designated on a chart supplied by the United States and referred to in paragraph "SC–4, Contract Drawings, Maps and Specifications."[2]

The plaintiff gave no permission to the United States or Norfolk to enter upon or alter his premises or to deposit the "spoil" thereon. The United States mistakenly believed that it had obtained permission so to do by an earlier, unrecorded easement it had secured from Ralph R. Brown, a *former owner* of the premises.

The plaintiff has filed an action under the Federal Tort Claims Act, 28 U.S.C.A. § 1346, against the United States and Norfolk and, by reason of diversity of citizenship, against Norfolk alone. His complaint, in two counts, in substance alleges an ordinary common law action of trespass to land (quare clausum fregit) against both defendants.[3] Norfolk filed a cross-claim against the United States which has been dismissed, pursuant to a stipulation[4] whereby the United States has assumed the complete defense of this action and agreed to indemnify Norfolk in the event of the entry of an adverse judgment against the latter.

Before us now, for disposition, is the plaintiff's motion for summary judgment on the issue of the defendants' liability.

Norfolk admits that it performed the dumping and allied operations on the plaintiff's land, but only in literal compliance with its contract with the United States. The Government contends[5] that (1) it is not responsible for Norfolk's

---

1. Requests for Admissions filed by Norfolk and Answers thereto filed by the United States. Documents Nos. 43, 44.

2. Id. and see Requests for Admissions filed by Norfolk and Answers thereto filed by the United States. Documents Nos. 45, 46.

3. "Due to changing fashions of pleading, the ground of trespass is rarely chosen alone at the present time. The pleader usually thinks that he is safer to place the mat-

ter upon a ground of negligence." Ure v. United States, 93 F.Supp. 779, 788 (D. Or.1950).

4. Document No. 54.

5. Although no answer to the plaintiff's complaint or two amended complaints has ever been filed by the United States, we have discerned the Government's position from the various motions filed in this matter.

trespass because Norfolk was an independent contractor not subject to the Government's control, and (2) the misrepresentation by the United States to *Norfolk* that it had a valid easement permitting such use of the dumping area is not actionable under 28 U.S.C.A. § 2680(h.)

■ We conclude that the Government's contentions are untenable.

■ The record in this case clearly establishes that a continuing trespass was committed by both defendants. Such a tort is actionable under the Tort Claims Act. Lemaire v. United States, 76 F. Supp. 498 (D.Mass.1948).

■ The general rule of law, prevailing in all the American Courts, is that an employer (United States) of an independent contractor (Norfolk) is liable for a trespass committed by the contractor as a natural consequence of his performing the contract.[6]  21 A.L.R. 1229–1266; 27 Am.Jur., Independent Contractors §§ 40, 41.

> "Nor does the 'independent contractor' doctrine apply where the work that the contractor is to do of itself amounts to a nuisance or necessarily operates to injure or destroy the property of the plaintiff." Weinman v. DePalma, 232 U.S. 571, 576, 34 S.Ct. 370, 372, 58 L.Ed. 733 (1914).

The liability of the employer arises not from the *manner* in which the work is done, but from the plain fact that " * * * the thing contracted to be done causes the mischief." Bonaparte v. Wiseman, 89 Md. 12, 42 A. 918, 919, 44 L.R.A. 482 (Md.1899).

> "Whatever is done by the contractor in pursuance of the plans and specifica-

tions which form a part of the written contract is manifestly to be considered a result of the contract for which the employer is responsible." 27 Am.Jur., Independent Contractors § 41.

■ Neither Norfolk nor the United States can escape liability because their trespass was done under a mistaken belief that entry was permissible.

> "At common law, with certain minor exceptions not important here, *any interference* with possession is an act which will entitle the injured party to bring an action in tort. *The fact that the act is done accidentally or in good faith or under justifiable error is no defense.*" (emphasis ours) Ure v. United States (two cases) 93 F. Supp. 779, 787 (D.Or.1950).

The defendants' liability to plaintiff in this action does not depend on negligence or upon any inter se misrepresentation of defendants, but squarely upon the joint continuing trespass committed by Norfolk and the United States for which both are answerable to the plaintiff.

Accordingly, since no substantial issues of fact exist in the liability aspects of this action, we enter the following

### ORDER

Now, this 10th day of October, 1966, it is ordered that

(1) the plaintiff's motion for summary judgment against the United States on the issue of liability is granted;

(2) the plaintiff's motion for summary judgment against Norfolk Dredging Company on the issue of liability is granted;

(3) the issue of plaintiff's damages shall be listed for trial.

---

**6.** Under 28 U.S.C.A. § 2674 "The United States shall be liable, * * * to tort claims, in the same manner and to the same extent as a private individual under like circumstances * * *."