THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Respondent, v. KENT REALTY CO., INC., and Others, Defendants, and ANTHONY L. GABRIELE, Appellant. HELEN L. DUANE, Receiver-Respondent.— Order denying the motion to vacate an order discharging a receiver of rents in a foreclosure action, and for other relief, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Hagarty, Johnston and Taylor, JJ., concur.

NATHAN GREEN, Doing Business under the Trade Name of GREENWOOD GARAGE, Appellant, v. THE PURE OIL COMPANY, Respondent.— Judgment in favor of the defendant against the plaintiff upon defendant's counterclaim, entered upon the report of an official referee, reversed on the law and the facts and a new trial ordered before an official referee, with costs to the appellant to abide the event. The plaintiff sued defendant to recover damages for breach of two written contracts, one of which was a lease of certain premises by the plaintiff to the defendant, and the other a contract by which the plaintiff was made agent for defendant in the sale of gasoline. The defendant breached said contracts on June 21, 1932. It pleaded, however, a counterclaim based upon a judgment of the Municipal Court of the City of New York for gasoline sold and delivered to the plaintiff and not paid for. The Special Term, by order duly made, struck out the amended answer but awarded judgment in favor of the defendant upon its said counterclaim pleaded in a supplemental answer, and referred the action to said official referee to ascertain plaintiff's damages less the amount of defendant's judgment pleaded in the counterclaim for $724.59, interest and costs. The referee reported that plaintiff, for his damages for such breach, was entitled to only $105, being at the rate of two cents per gallon on 5,250 gallons of gasoline sold by plaintiff between June 21, 1932, the date of defendant's said breach, and December 9, 1932, the date of the termination of the agency contract by its terms, and deducted said $105 from $724.59 and $50.72 interest, in all $775.31, due on defendant's counterclaim, giving judgment on said counterclaim for the difference in favor of the defendant, to wit, $670.31, for which last-mentioned sum, plus $137.25 costs, in all $807.56, judgment was awarded to the defendant against the plaintiff. The learned official referee erred in awarding damages according to a wrong measure thereof, and by his rulings precluded plaintiff from proving the damages for the breach alleged in the complaint. Plaintiff's damages are involved in some uncertainty and contingency and can be determined only approximately upon reasonable conjecture and probable estimates. (*Wakeman* v. *Wheeler & Wilson Mfg. Co.*, 101 N. Y. 205, 209, 210.) Plaintiff's losses sustained and his gains prevented are proper elements of damage. (Ibid.) Defendant having repudiated the contract, plaintiff should recover the value of it, to be ascertained by the application of the rules laid down in the case cited. (See, also, *Snow* v. *Pulitzer*, 142 N. Y. 263, and *Schile* v. *Brokhahus*, 80 id. 614.) Young, Carswell, Davis, Adel and Taylor, JJ., concur.

GUARANTEED TITLE AND MORTGAGE COMPANY, Appellant, v. CHARLES SCHEFFRES and Others, Defendants, and HERMAN MARGULIES and JEAN MARGULIES, Respondents. (Appeal No. 2.) — On reargument, order vacating a deficiency judgment reversed on the law, with ten dollars costs and disbursements, and motion denied, without prejudice to a motion to vacate the judgment of foreclosure and sale if the defendants be so advised, on authority of *Guaranteed Title & Mortgage Co.* v. *Scheffres, No. 1* [*ante*, p. 294], decided herewith. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur. (See 246 App. Div. 532; Id. 724.)