GRIFFIN MANUFACTURING Co., INC., Plaintiff, *v.* GOLD DUST CORPORATION and Others, Defendants.

Supreme Court, Special Term, Kings County, March 30, 1936.

*Everett W. Bovard,* for the plaintiff.

*Ehrich, Royall, Wheeler & Walter* [*Ernest E. Wheeler* of counsel], for the defendant Warburton.

*Sullivan & Cromwell* [*Emery Sykes* of counsel], for the other defendants.

CROPSEY, J. The attorney for the corporate defendant virtually conceded that plaintiff was entitled to an injunction against the use of the plaintiff's formula by the defendants, but he urged that the injunction should not run alike against the use of plaintiff's process. Upon this record, however, there seems to be no reason why the injunction should not run against both formula and process.

The record establishes that the corporate defendant believed that the plaintiff manufactured the best shoe paste on the market. Seemingly, that defendant endeavored to combine all the shoe

paste manufacturers, or at least it made an overture looking to the purchase of the plaintiff's business. Not succeeding in that endeavor, it set about trying to manufacture shoe paste that would be as good as that made by the plaintiff. Many analyses — hundreds of them — were made by the corporate defendant of the plaintiff's product in an endeavor to learn the secret which the plaintiff had and used and which produced the fine product made by it. All of these analyses were without beneficial result, for they failed to reveal the secret. Then the corporate defendant undertook another means of learning how the plaintiff's paste was compounded and made. It hired the chemist who had been employed by the plaintiff for years and who knew all its secrets, and upon payment of $1,000 obtained from him both the plaintiff's formula and process. The attempt made by the corporate defendant to prove that it did not obtain plaintiff's process from the latter's former employee is clearly shown to be untrue. Documents produced from the corporate defendant's files state that the plaintiff's former employee " has furnished to us the Griffin Boot-black shoe polish formulae and procedure for the manufacture of Black, Brown, Oxblood and Tan shoes." Not only is the foregoing the fact, but the record is filled with proof showing that the corporate defendant knew it was engaged in a dishonest enterprise in buying this information and that it had no right to use it.

Defendants' witnesses, who in the main were its employees, were palpably untruthful and were plainly endeavoring to aid the corporate defendant, regardless of what the facts were. The same is true of the individual defendant, who was the former employee of the plaintiff and whose attorney upon the trial was supplied to him by the corporate defendant.

The defendants' conduct was reprehensible, and the plaintiff is entitled to judgment.

The question of damages has not yet been presented. The court assumes that that matter will go to a reference; but if the parties prefer the court to dispose of it, the court will do so, if it be possible. Plaintiff's damages are not limited to the amount of profits which defendants may have made from the use of plaintiff's secrets. Plaintiff will be entitled to the profit it would have made if its secrets had not been so improperly sold and used. (*Conviser* v. *Brownstone & Co.*, 209 App. Div. 584.) Should plaintiff's damages be involved in some uncertainty and contingency and be determinable only approximately upon reasonable conjecture and probable estimates, they may be recovered. (*Wakeman* v. *Wheeler & Wilson Mfg. Co.*, 101 N. Y. 205.) Even in actions for breach of contract, such damages are recoverable. (*Green* v. *Pure Oil Company*, 247 App. Div. 734.)