## LEMAIRE v. UNITED STATES.

### Civ. No. 6751.

District Court, D. Massachusetts.

Feb. 4, 1948.

Noah Lemaire and David L. DeZorett, both of Taunton, Mass., for plaintiff.

William T. McCarthy, U. S. Atty., and William J Koen, Asst. U. S. Atty., both of Boston, Mass., for defendant.

HEALEY, District Judge.

This matter came on for hearing on the defendant's motion to dismiss the complaint on the ground that the cause of action did not arise within the period in which the United States has consented to be sued under the Federal Tort Claims Act, 28 U.S. C.A. § 921 et seq.

The complaint alleges that on June 6, 1942 the United States made a declaration of taking of a part of plaintiff's land, and later judgment was entered on said declaration of taking; that subsequently the defendant, by its agents, servants and employees, drove test wells on said land and pumped great quantities of water therefrom; that thereafter the defendant constructed a permanent well and well house of large size; that said well was driven to a depth which was below the grade of the bottom of plaintiff's well; that defendant erected and maintained large and powerful pumps to pump the water from said well; and that the defendant by the construction and maintenance of pumps in said well, has wrongfully drained the plaintiff's wells of their supply of water, causing loss to the plaintiff through the depreciation of her property.

The defendant contends that the complaint states a cause of action that accrued prior to January 1, 1945, and, therefore, the court is without jurisdiction of the action under the Federal Tort Claims Act.

In my opinion, the complaint in part alleges the commission by the defendant of a continuing nuisance or continuing trespass up to the date of its filing. Therefore, without determining whether the draining of plaintiff's wells is a case of damnum absque injuria, under Massachusetts law, or whether the matter is res adjudicata as a result of the judgment of taking, I conclude that the action insofar as it relates

to damage from the continuing trespass from January 1, 1945 to the date of the complaint, was seasonably brought.

The Clerk will prepare an order denying the defendant's motion to dismiss.