Per Curiam.

The action seeks recovery of damages for breach of covenant of quiet enjoyment. The plaintiff tenant was the lessee of a store in premises owned by the defendant. On April 27, 1945, when the lease had about six months to run, the building was declared unsafe by the municipal authorities due to weaknesses in the walls resulting from demolition work conducted by the owner of the adjoining structure.
The issue that was submitted to the jury in this case was whether the defendant could have reasonably repaired the building or whether its razing was necessary.
*905 Assuming that this issue was for the jury, we find that the trial court improperly submitted to the jury three items of damage for (1) loss sustained by the tenant on the sale of his store fixtures after removal from the premises, (2) legal fees for the services of the tenant’s attorney, and (3) a claim for severance pay to the tenant’s employees. None of these claims appears to represent damages flowing from the breach of the covenant, if such breach actually occurred. In view of the submission of these entirely erroneous items of damage constituting a large part of the plaintiff’s claim (see Snow v. Pulitzer, 142 N. Y. 263), we deem that the judgment should be reversed and a new trial ordered.
Although the defendant took no exception to the charge with respect to the applicability of section 78 of the Multiple Dwelling Law to the plaintiff’s claim and, therefore, cannot urge such charge to be error, we deem it proper, as a new trial is ordered, to point out that the provisions of the Multiple Dwelling Law would seem inapplicable. The liability of the defendant, if it exists, would not be due to any failure to keep the building in repair, but to his conduct in unnecessarily demolishing the structure rather than repairing it. Furthermore, the statute would not seem to apply to a claim involving the loss of use of business premises.
The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.
Dore, J. P., Cohn, Callahan, Van Voorhis and Shientag, JJ., concur.
Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.