SOUTHATLANTIC NAVIGATION COR-
PORATION, Libelant,

v.

UNITED STATES of America, Respond-
ent (North American Continental Com-
pany, Inc., Olin Mathieson Chemical
Corporation, Respondents-Impleaded).

United States District Court
S. D. New York.
Dec. 3, 1958.

See also 175 F.Supp. 304.

---

Nelson, Healy, Baillie & Burke, New York City, for libelant.

Arthur H. Christy, U. S. Atty., New York City, for respondent, Benjamin H. Berman, Atty. in Charge New York Office Admiralty and Shipping, Dept. of Justice, and Ruth K. Bailey, Atty., Admiralty and Shipping Section, Dept. of Justice, New York City, of counsel.

Taylor, Scoll & Simon, New York City, for respondent-impleaded, Olin Mathieson Chemical Corp.

Zock, Petrie, Sheneman & Reid, New York City, for respondent-impleaded, North American Continental Co., Inc.

FREDERICK van PELT BRYAN, District Judge.

The question presented is whether two impleading petitions brought by the

United States against the impleaded respondents North American Continental Company, Inc. and the Olin Mathieson Chemical Corporation should be dismissed for lack of admiralty jurisdiction over the subject matter.

Respondent United States was the time charterer of the vessel S. S. Barbara Michel from libelant Southatlantic Navigation Corporation. The libel alleges that the charter party warranted that the Barbara Michel would be berthed in a safe place but that she was damaged when she grounded while tied up at a pier owned by the impleaded respondent Olin Mathieson. Libelant seeks damages from the United States for breach of such warranty.

The United States has filed petitions impleading Olin Mathieson and North American pursuant to the 56th Rule in Admiralty, 28 U.S.C.A.

The petition impleading North American alleges that the United States, through the Commodity Credit Corporation, entered into a contract with North American by which the latter agreed to deliver a quantity of superphosphate to the United States in exchange for the promised delivery of certain agricultural commodities to it; that North American in turn entered into a contract with Olin Mathieson by which Mathieson agreed to furnish the required superphosphate and that North American designated a Mathieson pier for the loading of the superphosphate aboard the Barbara Michel.

The petition impleading Mathieson alleges substantially the same facts but asserts that the Mathieson pier at which the damage occurred was designated by Mathieson. Both petitions allege that the damage to the Barbara Michel was caused solely by the negligence of the impleaded respondents in designating and providing an unsafe berth for the loading of the vessel and seek a decree over against such respondents for any sums for which the United States is found to be liable to libelant.

Both North American and Mathieson have filed what they denominate "exceptive allegations" to the impleading petition which merely allege that the impleading petitions do not state a cause of action cognizable within admiralty jurisdiction. Since nothing other than this is alleged these are actually exceptions to the impleading petition and not exceptive allegations and admit all the allegations of the impleading petitions. Such a challenge to the jurisdiction is a peremptory exception and is akin to a demurrer at common law. Benedict on Admiralty, Vol. 2, § 333.

Viewing the exceptions in this light it is apparent that they have no merit.

It is well settled that a wharfinger owes a duty of care to vessels using its wharf and that the consignees of the vessel likewise owe a duty to provide a safe berth. Both wharfingers and consignees are liable for negligence in designating or providing an unsafe berth which is a maritime tort. Smith v. Burnett, 173 U.S. 430, 19 S.Ct. 442, 43 L.Ed. 756; M. & J. Tracy, Inc. v. Marks, Lissberger & Son, Inc., 2 Cir., 283 F. 100. Even though a respondent-impleaded under the 56th Rule in Admiralty may be liable on a terrene contract not cognizable in admiralty, if the impleading petition alleges cause of action for a maritime tort, lack of jurisdiction in admiralty over the nonmaritime contract will not defeat admiralty jurisdiction over the maritime tort. Transmarine Corporation v. Fore River Coal Co., D.C.D. Mass., 28 F.2d 624, affirmed *sub nom* Eastern Massachusetts Street Railway Corp. v. Transmarine Corp., 1 Cir., 42 F.2d 58; Benedict on Admiralty, Vol. 1, § 101, and see Soderberg v. Atlantic Lighterage Corp., 2 Cir., 19 F.2d 286.

Here the allegations of the impleading petitions, fairly read, state a cause of action for the maritime tort of designating or providing an unsafe berth. That being so admiralty has jurisdiction to hear the causes of action so pleaded, and the challenge to the admi-

ralty jurisdiction must fail on that ground alone.

Since the Admiralty Court therefore has jurisdiction it is unnecessary to pass on the additional ground for admiralty jurisdiction asserted by the United States predicated on the allegedly severable maritime provisions of the primarily terrene contracts relating to the superphosphate transactions. Whether or not there is admiralty jurisdiction, or liability, by reason of such contract provision must be determined during the regular course of the suit, as must the contentions of the impleaded respondents that the measure of their duty to the vessel is different from that of the United States. So also as to the assertion of the impleaded respondents that it is inequitable to try all the claims in one action. None of these questions are raised by their exceptions.

The exceptions to the impleading petitions are overruled.

So ordered.

See also 175 F.Supp. 302.