THE THOMAS F. O'BRIEN.

THE SANDY HOOK.

District Court, S. D. New York. February 6, 1928.

1. **Admiralty ⚌50—Parties in libel may implead any other vessel or person partly or wholly responsible (Admiralty Rule 56).**

Claimant or respondent in libel proceedings is entitled to bring in any other vessel or person partly or wholly liable, either to the libelant or to such claimant or respondent, by way of remedy over, contribution, or otherwise, where liability grows out of the same matter under Admiralty Rule 56.

2. **Admiralty ⚌50—Dumper, in government's libel to recover penalty for illegal dumping, held entitled to implead vessel whose alleged negligent navigation made dumping at prohibited place necessary to save life (Act June 29, 1888, as amended by Act Aug. 18, 1894, § 3, and Act May 28, 1908, § 8 [33 USCA §§ 441–451]; Admiralty Rule 56).**

In libel proceeding by government against tug and dumper, to recover penalty for dumping refuse in violation of Act June 29, 1888, 25 Stat. 209, as amended by Act Aug. 18, 1894, § 3, 28 Stat. 360, and Act May 28, 1908, § 8, 35 Stat. 426 (33 USCA §§ 441–451; Comp. §§ 9933–9935, 9937, 9938), claimant *held* entitled, under Admiralty Rule 56, to implead another vessel claimed to have been navigated negligently and to have raised swells, causing seams of dumper to open, and necessitating dumping of refuse at prohibited place in order to save master's life.

In Admiralty. Libel by the United States against the steam tug Thomas F. O'Brien and the scow or dumper Sea Robin, in which the claimant, the O'Brien Towing Company, Inc., filed a petition impleading the steamship Sandy Hook. On exceptions to the named claimant's petition by the Central Railroad Company of New Jersey, claimant of the Sandy Hook. Exceptions overruled.

Foley & Martin, of New York City, for the Thomas F. O'Brien.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City, for the Sandy Hook.

Charles H. Tuttle, of New York City, for the United States.

BONDY, District Judge. The United States filed a libel against the tug Thomas F. O'Brien and the dumper Sea Robin, to recover a penalty for dumping refuse in violation of the provisions of the Act of Congress of June 29, 1888 (25 Stat. 209), entitled "An act to prevent obstructive and injurious deposits within the harbor and adjacent waters of New York City, by dumping or otherwise, and to punish and prevent such offenses," as amended by 28 Stat. 360, and 35 Stat.

426 (33 USCA §§ 441–451; Comp. St. §§ 9933–9935, 9937, 9938).

The claimant, O'Brien Towing Company, Inc., filed a petition under the Fifty-Sixth Rule in Admiralty, stating that the Sandy Hook was being navigated negligently, and passed the tug and dumper so fast that the swells raised by the Sandy Hook caused the Sea Robin to pound against another scow in the tow; that the seams of the Sea Robin opened, and she leaked, so that the master had to dump the refuse at a prohibited place in order to save his life.

The Central Railroad Company of New Jersey, claimant of the Sandy Hook, excepts to the petition on the ground that the statute under which the libel was filed is penal in its nature, and that the suit, therefore, is not one in which a person liable for the penalty can avail himself of the Fifty-Sixth Rule in Admiralty.

The impleaded respondent contends that, because the Sandy Hook was not used and employed in dumping, the United States has not any direct right against it under the statute to recover the penalty; that the claimant cannot shift the penalty onto a third person, and therefore can have no right over against the Sandy Hook to recover the penalty which it has been forced to pay the government.

The claimant in effect alleges in its petition that the dumping was due solely to the negligent navigation of the Sandy Hook, and that the Sandy Hook is liable for damages occasioned by its negligence, which damages include the amount of any penalty the claimant was forced to pay under a statute, the terms of which the impleaded respondent is presumed to have known. The petition sets forth facts constituting solely a cause of action based on negligence.

[1, 2] The facts as stated bring the petition within the purpose of the rule that in any suit the claimant or respondent shall be entitled to bring in any other vessel or person who may be partly or wholly liable, either to the libelant or to such claimant or respondent, by way of remedy over, contribution, or otherwise, growing out of the same matter. See Soderberg v. Atlantic Lighterage Corp. (C. C. A.) 19 F.(2d) 286.

In the Bismarck (The Imperator) 8 F. (2d) 287 (D. C.), which was a suit brought under the same statute, the Cunard Steamship Company was impleaded, without any question on its part or the part of the learned judge who tried it. See U. S. v. Various Tugs and Scows (D. C.) 225 F. 505.

The exceptions, therefore, are overruled.