## UNITED STATES v. THE HELEN et al.
### No. 32, Docket 20677.

Circuit Court of Appeals, Second Circuit.

Nov. 20, 1947.

John F. X. McGohey, U. S. Atty., of New York City (Harold J. Raby, Asst. U. S. Atty., of New York City, of counsel), for appellant.

Foley & Martin, of New York City (Christopher E. Heckman, of New York City, of counsel), for Christie Scow Corporation, claimant-appellee.

Burlingham, Veeder, Clark & Hupper, of New York City (Chauncey I. Clark and Benjamin E. Haller, both of New York City, of counsel), for Pennsylvania R. Co., charterer, impleaded-respondent and appellee.

Bleakley, Platt, Gilchrist & Walker, of New York City (Frank A. Fritz, of New York City, of counsel), for T. Hogan & Sons, Inc., stevedore, impleaded-respondent and appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

---

[14] Berry v. Chrysler Corporation, 6 Cir., 150 F.2d 1002, 1003; Continental Collieries v. Shober, 3 Cir., 130 F.2d 631, 635.

SWAN, Circuit Judge.

Pursuant to 33 U.S.C.A. § 450, the United States filed a libel in rem against the scow Helen to recover a penalty of not less than $250 incurred by discharging a quantity of lumber into the tidal waters of New York Harbor in violation of 33 U.S.C.A. § 441. The scow's owner, Christie Scow Corporation, denied the allegations of the libel and filed a petition impleading the Pennsylvania Railroad Company as charterer of the scow; the charterer in turn impleaded T. Hogan & Sons, a stevedoring corporation, which was unloading the scow when the alleged violation of the statute was committed. At the conclusion of the trial the district judge found that the employees of T. Hogan & Sons had thrown several pieces of dunnage (2" x 2" x 6') into the waters on the north side of Pier 59, North River, but dismissed the libel and the impleading petitions on the ground that the violation was inconsequential and there was doubt whether the court sitting in admiralty could impose personal liability upon the stevedoring corporation.

Dismissal of the libel was erroneous. In the case of the Colombo, 2 Cir., 42 F.2d 211, we held that the vessel was liable to the minimum fine when four or five barrels of oil leaked into the harbor through the negligence of a seaman in failing to close completely an oil valve, and we expressly rejected the argument that the vessel was not "used or employed" in violating the statute, 33 U.S.C.A. § 450, unless its owner or master had authorized the wrongful act. This decision was followed by the Ninth Circuit in The President Coolidge, 9 Cir., 101 F.2d 638 in construing a similar statute applicable to the harbor of Honolulu. See also The S. S. Nea Hellis, 2 Cir., 116 F.2d 803; The Scow No. 9, D.C.Mass., 152 F. 548. The cases above cited establish the in rem liability of the scow for at least the minimum penalty of $250.

It was also erroneous to dismiss the impleading petitions. Under Rule 56 of the Admiralty Rules, 28 U.S.C.A. following section 723, the claimant of the scow was entitled to bring in any person "who may be partly or wholly liable * * * to such claimant or respondent by way of remedy over, contribution or otherwise, growing out of the same matter." The charterer argues that it cannot be held liable for the statutory penalty because the evidence shows that the dunnage was thrown overboard by employees of the stevedore, an independent contractor. But the charterer was bound to return the scow free from any maritime lien arising from use of the vessel during the term of the charter. See The Barnstable, 181 U.S. 464, 468, 21 S.Ct. 684, 45 L.Ed. 954; Eastern Mass. St. Ry. Co. v. Transmarine Corp., 1 Cir., 42 F.2d 58, certiorari denied 282 U.S. 883, 51 S.Ct. 86, 75 L.Ed. 779; The Public Bath No. 13, D.C.S.D.N.Y., 61 F. 692; The No. K 1, 2 Cir., 150 F. 111.

The charterer in turn was entitled to throw its loss back to the stevedore because the latter's wrongful act, while unloading the scow, created the maritime lien. The Thomas F. O'Brien, D.C.S.D. N.Y., 26 F.2d 674. The stevedore argues that this in effect permits the United States to recover a penalty against it, which would concededly be beyond the admiralty jurisdiction since § 450 of the statute authorizes the admiralty court to adjudge penalties incurred under § 441 only against the vessel "used or employed" in the violation. Although the effect may be the same as though the libellant were recovering the penalty, the theory upon which the admiralty court may impose liability upon the stevedore is entirely different. By creating a maritime lien against the vessel through the wrongful act of its employees, the stevedore has impaired the value of the scow in a manner as clearly justiciable in admiralty as though its employees had stove a hole in her. See The Satilla, 2 Cir., 235 F. 58; Soderberg v. Atlantic Lighterage Corp., 2 Cir., 19 F.2d 286, certiorari denied 275 U.S. 542, 48 S.Ct. 37, 72 L.Ed. 416; The Thomas F. O'Brien, supra.

Accordingly the decree of dismissal is reversed; the scow is fined $250, and its claimant is allowed recovery over against T. Hogan & Sons, Inc., primarily, and Pennsylvania Railroad Company, secondarily.