UNITED STATES of America,
Libelant,

v.

THE Tug TERRY E. BUCHANAN, THE Barges WILLIAM C. DIEROLF, THE POINTLIGHT and THE WELFARE-LIGHT, their engines, tackle, etc., Respondents.

United States District Court
S. D. New York.
Feb. 20, 1956.

Paul W. Williams, U. S. Atty., New York City, for libelant, by Walter L. Hopkins, New York City, Trial Atty.

Purdy, Lamb & Catoggio, New York City, appearing specially for Barge William C. Dierolf.

IRVING R. KAUFMAN, District Judge.

The United States has brought this action in rem against a tug and three barges which were under the control of the tug alleging that they violated Title 33 U.S.C.A. § 408, and Title 33, Code of Federal Regulations, § 70.05-1. These statutes provide, inter alia, that it shall be unlawful to obstruct any navigational aid by fastening a vessel thereto. The libel alleges that the tug fastened these three barges to a navigational buoy placed in the entrance of Port Chester Harbor, and that before casting off, all four vessels were swinging from the buoy. It alleges that all four, therefore, are guilty of violating the above statutes and that they are each individually and separately liable in rem for the pecuniary penalties set forth in 33 U.S.C.A. §§ 411 and 412, and 33 C.F.R. §§ 70.05-5 and 70.05-15, which provide in part:

§ 412. " * * * And any boat, vessel, scow, raft, or other craft *used or employed* in violating any of the provisions of sections 407, 408, and 409, of this chapter shall be liable for the pecuniary penalties specified in the preceding section * * *." (Italics supplied.)

[§ 411 provides for a fine not exceeding $2,500 nor less than $500.]

§ 70.05-15. "Any boat, vessel, scow, raft or other craft *used or employed* in violating any of the provisions of § 70.05-1 shall be liable for the pecuniary penalties specified in § 70.05-5 * * *." (Italics supplied.)

[§ 70.05-5 provides for a fine not exceeding $2,500 nor less than $500.]

The owners of the Barge William C. Dierolf have excepted to the libel insofar as it asserts liability against the barges; they assert that these were "dumb barges" under the dominance and control of the tug, and that they could not be guilty of the violation in question. As authority for this contention, respondents cite many cases in support of the well-established proposition that a dumb barge, or any other tow completely controlled by its tug, cannot be held liable in rem for damages caused by collision between the barge and another vessel or other structure. E. g. The Margaret, 1876, 94 U.S. 494, 24 L.Ed. 146; The Margaret Irving, 2 Cir., 1931, 47 F.2d 230; Cranberry Creek Coal Co. v. Red Star Towing & Transportation Co., 2 Cir., 33 F.2d 272, certiorari denied New York Marine Co. v. Cranberry Creek Coal Co., 1929, 280 U.S. 596, 50 S.Ct. 67, 74 L.Ed. 643; The J. L. Miner, 6 Cir., 1919, 260 F. 901. I find these cases to be inapposite here, however, in that they all involved situations where culpable negligence or intent was necessary for recovery, and such is not the case insofar as these statutes are concerned.

These statutes impose a pecuniary penalty against any vessel or other craft "used or employed" in a violation of the law, and the courts have construed this to impose a strict liability in rem upon such craft regardless of the negligence or intent of the owners or masters. The vessel is considered as the offender, and the mere fact that it was used in violating the statute is sufficient to impose the liability. In United States v. The Republic No. 2, D.C.S.D. Tex.1946, 64 F.Supp. 373, a libel was brought against a tug and three barges for injuries done to guide walls designed to aid vessels passing through certain flood gates. The Court found that there was no negligence on the part of either the tugs or barges, but held that the libel was properly brought under 33 U.S.C.A. §§ 408 and 412, and the statutory penalties were assessed. Similarly, statutes prohibiting the dumping of refuse into harbors have been held to impose liability regardless of negligence or intent on the part of the ship's owner or master. In The Colombo, 2 Cir., 1930, 42 F.2d 211, a ship had leaked oil into the harbor because of the negligence of one of the seamen. The Court held that the fact that the master or owner had not authorized the unlaw-

ful act did not prevent liability. See also The J. Rich Steers, 2 Cir., 1915, 228 F. 319; The Scow No. 36, 1 Cir., 1906, 144 F. 932. In The President Coolidge, 9 Cir., 1939, 101 F.2d 638, this rule of strict liability was followed where a Chinese cook dumped refuse over the side of a ship in direct contravention to his employer's orders. The courts have upheld these strict liability statutes because of the government's power to enact laws for the protection of the general welfare. Clearly, statutes aimed at protecting safe navigation can be so classified. United States v. The Republic No. 2, supra.

██ The fact that the barges may be able to implead the tug and make it liable for the penalties imposed upon them does not prevent the government from libeling the barges in this manner. In United States v. The Helen, 2 Cir., 1947, 164 F.2d 111, a scow had discharged lumber into the harbor of New York in violation of a statute. The United States filed a libel against the scow, and her owners impleaded the charterer of the scow who in turn impleaded the stevedoring company whose men were responsible for the discharge. The Court of Appeals held that it was error to dismiss the libel against the scow even though ultimate liability might rest upon the stevedore. The *vessel* had violated the statute and was, therefore, liable in rem.

So clearly has this rule of strict liability been established, that recently Judge Fee in the District of Oregon applied it to a dredge which damaged an overhead flood control aid solely because the captain of the tug towing the dredge failed to lower the dredge's boom. The District Court found sole fault rested with the tug, yet it assessed the statutory in rem penalty against the dredge without being troubled by lack of guilt of the dredge or ultimate liability of the tug. United States v. Inland Chief, 1954, 1954 A.M.C. 191.

The exception to the libel is overruled. So ordered.