**UNITED STATES of America,
Libelant,**

v.

**S.S. MORMACSAGA, her engines, tackle,
apparel, furniture, etc., Respondent.**

**No. 19 of 1960.**

United States District Court
E. D. Pennsylvania.

April 17, 1962.

Drew J. T. O'Keefe, U. S. Atty., by Sullivan Cistone, Bangor, Pa.; and Charles D. Ferris, Admiralty and Shipping Section, Department of Justice, for libelant.

Eugene Lippman, Philadelphia, Pa., for respondent.

LUONGO, District Judge.

This is a libel in rem to recover statutory penalties under §§ 13 and 16 of the Rivers and Harbors Act (33 U.S.C.A. §§ 407, 411 and 412) for the unlawful discharge of refuse in navigable waters, tried before this Court, without a jury. From the pleadings, answers to interrogatories, and admission of liability by respondent, the Court makes the following

## FINDINGS OF FACT

1. The respondent, S.S. Mormacsaga, Official No. 250540, is a vessel of 7909 gross tons, 4521 net tons, 468.5 feet in length, 69.6 feet in breadth, 29.5 feet in depth, and on August 19, 1959 was owned and operated by Moore-McCormack Lines, Inc.

2. On the morning of August 19, 1959 the S.S. Mormacsaga, while proceeding northbound in the Delaware River, was under surveillance by the United States Coast Guard vessel CG–40451. The CG–40451 was following the Mormacsaga at approximately 200 yards astern. The weather was clear.

3. At about 7:25 a. m., August 19, 1959, refuse matter, consisting of three boxes, one wooden bushel basket top and garbage was discharged and deposited from the Mormacsaga into navigable waters of the Delaware River in the vicinity of Hope Creek Jetty.

4. At about 9:40 a. m., August 19, 1959, refuse matter, consisting of two paper laundry wrappers, was discharged and deposited from the Mormacsaga into navigable waters of the Delaware River in the vicinity of Little Tinicum Island.

5. At about 11:00 a. m., August 19, 1959, refuse matter consisting of two cardboard boxes, was discharged and deposited from the Mormacsaga into navigable waters of the Delaware River in the vicinity of Benjamin Franklin Bridge.

6. Each of these three deposits of refuse from the Mormacsaga was witnessed by William H. Lawley who was on board the following vessel CG–40451.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of the action and the respondent.

2. The respondent vessel was used in the commission of violations of § 13 of the Rivers and Harbors Act (33 U.S.C.A. § 407) when, on the morning of August 19, 1959, refuse matter was thrown from

it, on three separate occasions, into navigable waters of the Delaware River.

3. Libelant is entitled to judgment in its favor against respondent for pecuniary penalties, which the Court assesses in the minimum amount of Five Hundred ($500.00) Dollars for each of the three violations, or a total of One Thousand Five Hundred ($1,500.00) Dollars, and costs.

## DISCUSSION

Section 13 of the Rivers and Harbors Act (33 U.S.C.A. § 407) makes it unlawful to throw refuse matter from any ship into any navigable water of the United States. Section 16 (33 U.S.C.A. §§ 411 and 412) of the Act provides for the punishment of individuals and corporations violating Section 13, imposing a fine of not less than Five Hundred ($500.00) Dollars nor more than Two Thousand Five Hundred ($2,500.00) Dollars on the violator and makes the vessel used in the violation of Section 13 liable for the pecuniary penalty mentioned above.

It is clear beyond doubt that the Act was violated, respondent has conceded as much. The only question is whether the facts disclose one, or three violations. Libelant does not assert that liability for the pecuniary penalty attaches for each and every separate article of refuse thrown from the vessel, but it does urge that there were three separate acts, hence three violations.

We believe libelant's position is sound and is supported by the facts which are undisputed. On three occasions, separated by time intervals of some two and one-half hours and one and one-half hours, respectively, at three different geographic points, refuse was thrown into the Delaware River. The type of refuse matter varied with each occasion. Since the offense is one of strict liability these facts alone will support findings that the Act was violated on three occasions. The Terry E. Buchanan, 138 F. Supp. 754 (D.C.S.D.N.Y.1956). There is nothing in the record from which a "course of conduct", as distinguished from separate acts, can be inferred. United States v. Alaimo, 297 F.2d 604 (3rd Cir., 1961).

## ORDER

AND NOW, this 17th day of April, 1962, in accordance with the foregoing Findings of Fact and Conclusions of Law, judgment is entered in favor of libelant and against respondent in the sum of One Thousand Five Hundred ($1,500.00) Dollars, and costs.