Henry C. SHIPMAN, an infant under the age of twenty-one years, who sues by Mrs. Donald D. Munden, his sister and next friend, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 429–69–N.

United States District Court,
E. D. Virginia,
Norfolk Division.

Feb. 25, 1970.

Augustus Anninos, Norfolk, Va., for plaintiff.

Anthony W. Gross, Admiralty & Shipping, U. S. Dept. of Justice, Washington, D. C., James A. Oast, Jr., Asst. U. S. Atty., Norfolk, Va., for defendant.

MEMORANDUM

WALTER E. HOFFMAN, Chief Judge.

In this action plaintiff seeks to recover an informer's fee under 33 U.S.C., section 411, which provides for an award to any person "giving information which shall lead to a conviction" of one-half of the *fine* imposed upon any defendant.

On April 29, 1968, the United States of America, acting through the United States Attorney, filed a complaint in the case of United States of America v. S.S. EXIRIA, Civil Action No. 6743–N. The action was predicated upon a report received from the United States Corps of Engineers. The complaint alleged that on or about February 23, 1968, there was a discharge of refuse matter from the EXIRIA in violation of 33 U.S.C., section 407, and a penalty of not less than $500 nor more than $2,500 was demanded. On June 24, 1968, the civil action was compromised with the vessel and her owners paying the sum of $1,-000.

There were at least three private citizens who reported the discharge violation to the Corps of Engineers or the Coast Guard. For the purpose of the motion for summary judgment filed by the defendant, it must be assumed that the plaintiff was the first informer.

The United States Attorney, as provided by 33 U.S.C., section 413, has wide discretion to proceed under the various alternatives set forth in the Rivers and Harbors Act. The plaintiff contends that when information is given which would justify a conviction under 33 U. S.C., section 411, the United States is liable for one-half of the penalty collected under 33 U.S.C., section 412, even though the latter be in the nature of an arrest of the vessel without a criminal prosecution under 33 U.S.C., section 411. While the question is novel, we disagree with plaintiff and hence sustain the motion for summary judgment.

An *in rem* action against the vessel under 33 U.S.C., section 412, considers

the vessel the offender and subjects it to the same pecuniary penalties as may be imposed by way of fines under 33 U.S.C., section 411. United States v. Terry E. Buchanan, 138 F.Supp. 754 (S.D.N.Y., 1956). It is clear that section 411 is criminal in nature in that it refers to a "person" or "corporation" who commits the violation and proceeds to brand the offense as a "misdemeanor," with punishment being by "fine" or "imprisonment." The informer's fee is paid for information which leads to a "conviction" and that term manifestly implies an *in personam* action. Authorities pointing out the distinctions between the criminal provisions under section 411 and the civil liability under section 412 are Scow No. 36, 144 F. 932, 75 CCA 572 (1 Cir., 1906); Scow No. 9, 152 F. 548 (D.C.Mass.); The President Coolidge, 101 F.2d 638 (9 Cir., 1939). Cf. United States v. M/V Martin, 313 F.2d 851, 853 (7 Cir., 1963).

The discretion vested in the United States Attorney is discussed in United States v. Interlake Steel Corp., 297 F. Supp. 912 (D.C.Ill., 1969). While the duty is to "prosecute vigorously" whenever requested by the Secretary of the Army, it is further stated that the policy of the Department of the Army is not to recommend prosecution where the alleged violation is "minor, unintentional or accidental," or otherwise "trivial, apparently unpremeditated, and results in no material public injury." 33 C.F.R. 209.170(g) (4). Criminal prosecution is recommended "in all cases of willful or intentional violations." 33 C.F.R., sections 209.395 and 209.400.

When the Rivers and Harbors Act was enacted on March 3, 1899, sections 411 and 412 were then section 16 of the Act. The first portion of section 16 is now section 411, including the proviso for the informer's fee. The second portion of section 16 is now section 412 and contains no provision for the payment of an informer's fee. Thus, the codification did not alter the language or meaning of the original statutory provision.

Sections 1 and 4 of the New York Harbor Act, 33 U.S.C., sections 441 and 444, essentially parallel sections 411 and 412. The harbor of Hampton Roads, where the particular offense occurred, has been made subject to the provisions of the New York Harbor Act, 33 U.S.C., section 451a, pursuant to a 1958 amendment. The amendment of 1958, therefore, abundantly establishes that an informer's fee shall be paid only for information leading "to conviction of this misdemeanor." 33 U.S.C., section 441. We believe, although not expressly stated, that 33 U.S.C., section 413, incorporating the duties of the United States Attorney, is equally applicable to the New York Harbor Act which now includes the harbor of Hampton Roads.

An order may be presented granting summary judgment.