**UNITED STATES of America, Plaintiff,**

v.

**ST. REGIS PAPER COMPANY, Defendant.**

**UNITED STATES of America, Plaintiff,**

v.

**FALLS DAIRY COMPANY, Defendant.**

**Nos. 70-CR-105, 70-CR-106.**

United States District Court,
W. D. Wisconsin.

May 26, 1971.

John O. Olson, U. S. Atty., W. D. Wis., for plaintiff.

Charles Q. Kamps, Milwaukee, Wis., for St. Regis Paper Co.

Rudolph Regez, Milwaukee, Wis., for Falls Dairy Co.

On the motion to recover informer fees:

Irvin B. Charne, Milwaukee, Wis., for claimant Henry S. Reuss.

John O. Olson, Madison, Wis., for the United States.

## OPINION AND ORDER

JAMES E. DOYLE, District Judge.

Claimant Henry S. Reuss, a member of the United States House of Representatives, has petitioned this court to recover informer fees pursuant to section 16 of the Rivers and Harbors Act of 1899, 33 U.S.C. § 411. He seeks an award of one-half the fine imposed against the defendants in the cases of United States v. St. .Regis Paper Company, No. 70–CR–105 (W.D.Wis., Jan. 25, 1971), and United States v. Falls Dairy Company, No. 70–CR–106 (W.D. Wis., Aug. 27, 1970). The two defendants were adjudged guilty of discharging refuse matter into navigable waters in violation of § 13 of the Rivers and Harbors Act of 1899, 33 U.S.C. § 407. In accordance with § 411, defendant St. Regis Paper Company was fined $2000.-00, and defendant Falls River Dairy Company was fined $1500.00. Claimant alleges that he has supplied all the infor-

mation necessary for the convictions of the two defendants, and under § 411 is entitled to $1750.00. Having jurisdiction to decide the criminal aspects of these two cases, I consider that I also have jurisdiction to decide any claims under § 411 relating to distribution of the fines imposed in the criminal actions. *See* United States v. Simons, 7 F. 709 (E.D.Mich.1881).

On March 20, 1970, claimant sent a letter to the United States Attorney for the Western District of Wisconsin calling attention to a number of named polluters, including the defendants,[1] which claimant believed were in violation of 33 U.S.C. § 407. This letter listed each separate alleged polluter, the location of each polluter, the type of refuse being discharged, the navigable body of water into which the refuse was discharged, and the file number of orders issued by the Wisconsin Department of Natural Resources. On April 1, 1970, claimant sent an affidavit to the United States Attorney again listing the named polluters, and further stating the polluters, including the defendants, had:

"* * * repeatedly within the five years prior to March 20, 1970, discharged or deposited from the shore into navigable waters or tributaries thereof in the Western District of Wisconsin refuse matter; that the affiant has examined, or caused to be examined, the files of the U. S. Army Corps of Engineers in Milwaukee, Chicago and Washington, D.C. and has found no record that any of the 71 persons or corporations has received a permit from the Secretary of the Army, as required by statute, for the discharge or deposit of refuse material; that affiant's knowledge of the discharge or deposit of refuse matter into waterways by the said persons and corporations has been ob-

tained from private sources, and from the files of the Southeastern Wisconsin Regional Planning Commission, Waukesha, Wisconsin and Wisconsin Department of Natural Resources, Box 450, Madison, Wisconsin 53701; that all information necessary for court proceedings under 33 U.S.C. Section 407 is on file and available to the United States Attorney at the Wisconsin Department of Natural Resources, Box 450, Madison, Wisconsin 53701; that such information for each of the 71 cases includes a basin survey of the affected waters by the Department of Natural Resources, a Notice of Hearing, a Record of Hearing (including testimony of witnesses concerning their professional qualifications, the source of such discharge or deposit of refuse materials, when and where the samples were taken or other field tests made, how the testing was done, what the results and the significance of the tests were), correspondence, memoranda and inspection reports relating to each act of polution; that in most cases the person or corporation involved does not contest the fact of the pollution; that in each of the 71 cases an order has been issued by the Wisconsin Department of Natural Resources, which order is on file, and sets forth the violation alleged; that the date for the name of the violator, address of the violator, nature of refuse deposited, water into which refuse has been deposited, navigable water to which water of deposit is a tributary, and Wisconsin Department of Natural Resources Order, follows (in that order) for each of the 71 instances."

On May 11, 1970, claimant again wrote to the United States Attorney and inquired what action, if any, was intended with regard to the named polluters.

---

1. This letter listed one of the polluters as: "Cornell Paper Products Company; Cornell; Paper Mill Refuse; Chippewa River; Mississippi River; Order of 2–65J–2, April 2, 1965." Defendant St. Regis Paper Company is the parent corporation of Cornell Paper Products Company. The other defendant was also included in the list: "Falls Dairy; Jim Falls; Creamery Refuse; Chippewa River; Mississippi River, Order of 2–65J–4, April 2, 1965."

Included in this letter was some legal research on the question of what constitutes separate violations of § 407 and § 411. The United States Attorney responded by letter stating that he expected to file criminal actions against some of the named polluters referred to in claimant's March 20, 1970, letter. The United States Attorney also asked claimant for any suggestions to aid him in developing guidelines in this area; to which request claimant responded on May 21, 1970.

On August 5, 1970, the United States Attorney filed separate informations against the two defendants, one charging that: "On or about the 20th day of May, 1970, at Cornell, Chippewa County, in the Western District of Wisconsin, the defendant St. Regis Paper Company, a foreign corporation, did unlawfully discharge and deposit and did cause and procure to be deposited from its Paper Board Mill in Cornell, Wisconsin, refuse matter, to wit: wood fibers and other industrial paper product waste into the Chippewa River, a navigable water of the United States; in violation of Title 33, U.S.C. Section 407." The other information charged that: "on or about the 19th day of May, 1970, at Jim Falls, Chippewa County, in the Western District of Wisconsin, the defendant Falls Dairy Company, a Wisconsin Corporation, did unlawfully discharge and deposit and did cause and suffer to be deposited from its plan, through a distribution pipe refuse matter, to wit: milk waste into the Chippewa River, a navigable water of the United States; in violation of Title 33, U.S.C., Section 407."

On August 27, 1970, defendant Falls Dairy Company entered a plea of nolo contendere to the charges against it, and was adjudged guilty. No new facts or information other than those stated in the information were presented to the court prior to conviction. Subsequently, on December 17, 1970, the court imposed a fine of $1,500.00. On January 25, 1971, defendant St. Regis Paper Company also entered a plea of nolo contendere to the charges made against it, and was adjudged guilty. Similarly, no new facts or information other than those stated in the information were presented to the court prior to conviction. A fine of $2,000.00 was imposed by the court. Upon notification to him as a potential claimant for a portion of the fines under § 411, Reuss filed these claims for one-half the fines imposed.

33 U.S.C. § 411, enacted March 3, 1899, provides that:

"Every person and every corporation that shall violate, or that shall knowingly aid, abet, authorize, or instigate a violation of the provisions of sections 407, 408, and 409 of this title shall be guilty of a misdemeanor, and on conviction thereof shall be punished by a fine not exceeding $2,-500 nor less than $500, or by imprisonment (in the case of a natural person) for not less than thirty days or more than one year, or by both such fine and imprisonment, in the discretion of the court, one-half of said fine to be paid to the person or persons giving information which shall lead to conviction."

A preliminary issue is the effect of the phrase "in the discretion of the court" in § 411. Claimant contends that this phrase refers to the amount of the fine or to the length of the imprisonment, or to both the amount of the fine and the length of the imprisonment, but does not refer to whether or not one-half of the fine is to be awarded to the person giving information which shall lead to conviction. He asserts that this is clear from other statutes included in the Rivers and Harbors Act which use the same phrase. I agree.

33 U.S.C. § 406, enacted March 3, 1899, provides that:

"Every person and every corporation that shall violate any of the provisions of sections 401, 403, and 404 of this title or any rule or regulation made by the Secretary of the Army in pursuance of the provisions of section 404 of this title shall be deemed guilty

of a misdemeanor, and on conviction thereof *shall be punished by a fine not exceeding $2,500 nor less than $500, or by imprisonment, (in the case of a natural person) not exceeding one year, or by both such punishments, in the discretion of the court.* And further, the removal of any structures or parts of structures erected in violation of the provisions of the said sections may be enforced by the injunction of any district court \* \* \*." (emphasis added).

And 33 U.S.C. § 410, enacted May 9, 1900, after setting forth provisions for regulation of floating timber, logs, etc., states:

"\* \* \* and every person convicted of such violation shall be punished by a fine of not exceeding $2,500 nor less than $500, or by imprisonment (in the case of a natural person) for not less than thirty 30 days nor more than than one year, or by both such fine and imprisonment, in the discretion of the court."

Both of the above statutes have provisions for the amount of fine or imprisonment, or both fine and imprisonment, similar to that in § 411 which are followed by the phrase "in the discretion of the court." However, unlike § 411, neither statute contains provisions for

awarding informer's fees. Comparing all three statutes, it is then clear that the phrase "in the discretion of the court" refers to the language preceding it in § 411 [2]; and thus I have no discretion in awarding one-half the fines to the claimant-informer if he is otherwise entitled to them.[3]

Two objections are raised to paying of one-half the fines to the claimant. They contend first that claimant did not "do enough" to be entitled to recover informer's fees. This objection cannot be sustained.

§ 411 merely directs that one-half the fines "be paid to the person or persons giving information which shall lead to conviction." Neither the statute nor the cases interpreting it give any indication of the minimum amount or type of information a claimant must have furnished to qualify as an informer entitled to recover informer fees.[4] Nevertheless, I think it clear that this claimant has provided the government with sufficient "information" to satisfy § 411. Claimant's letters and affidavit set forth all the information and facts, except for the specific dates which appear in the informations charging defendants with violating § 407. Nor does it appear that any additional information not supplied by claimant was presented to

2. This is supported by the interpretation of § 411 given in 33 CFR § 209.170(f)(2); "Section 16 of the River and Harbor Act of March 3, 1899 (30 Stat. 1153; 33 U.S.C. 412), provides that every person and every corporation that shall violate, or that shall knowingly aid, abet, authorize or instigate a violation of the provisions of Sections 13, 14, and 15, shall be guilty of a misdemeanor. On conviction thereof violators shall be punished by fine, imprisonment, or both, in the discretion of the court."

3. This issue does not appear to have been directly raised or ruled on. However, in a number of cases, courts have construed § 411 in dictum and have not indicated that the "discretionary" language refers to the awarding of informer's fees. *See, e. g.,* United States v. Esso Standard Oil Company of Puerto Rico, 375 F.2d 621, 623 (3rd Cir. 1967); Bass Anglers

Sportsman's Society of America v. U. S. Plywood-Champion Papers, Inc., 324 F. Supp. 302 (S.D.Tex., 1971); Shipman v. United States, 309 F.Supp. 441 (E.D.Va. 1970).

4. Definitions of "informer" are of little aid here. In United States v. Simons, 7 F. 709 (E.D.Mich.1881), in deciding claims for informer's fees under a predecessor to 19 U.S.C. § 1619, the court set forth the generally accepted definition of an "informer" (at 711) as one who "with the intention of having his information acted upon, first gives information of a violation of law, which induces the prosecution and contributes to the recovery of the fine, penalty, or forfeiture which is eventually recovered." Clearly claimant Reuss satisfies this definition, but it is too general and broad to be dispositive of this case.

this court by the government prior to the convictions. Moreover, claimant furnished the government with legal research and guidelines for enforcement of statutes related to the criminal actions. Thus it is clear that in both criminal actions, claimant had given "information which shall lead to conviction."

▆ The second objection raised to the paying of one-half the fines to the claimant is that since he is a member of the United States House of Representatives, he is not a "person" within the meaning of that word in § 411. § 411 does not by its terms disqualify any public official from recovering informer's fees.[5] However, there appear to be two principles of public policy, difficult to distinguish from one another, which must be considered when government officials or employees seek to recover informer's fees or rewards.[6] The first is generally that public officials cannot receive rewards from *private* individuals or sources for the performance of official services. United States v. Matthews, 173 U.S. 381, 19 S.Ct. 413, 43 L. Ed. 738 (1899); Davis v. Mathews, 361 F.2d 899 (4th Cir. 1966); Union Pacific R. R. v. Belek, 211 F. 699 (D.Neb.1913). This does not apply to claimant Reuss because the provisions for informer's fees are offered by statute. The second principle is that a public officer cannot

lawfully claim a reward for the performance of services which it is his official duty to perform. United States v. Matthews, *supra*; Davis v. Mathews, *supra;* Union Pacific R. R. v. Belek, *supra.* Claimant Reuss's official duty as a member of Congress is, generally, to make federal laws through the legislative process, not to investigate and gather information concerning possible violations of the Rivers and Harbors Act,[7] or any other act of Congress. Thus, public policy considerations do not preclude claimant from recovering informer fees under § 411.

Claimant Reuss satisfies all the requirements for recovery of informer's fees under § 411 and is not otherwise disqualified. I hold that he is entitled to an award of $1,750.00, that being one-half the fines imposed against the two defendants.

Therefore, for all the reasons stated above, and upon the basis of the entire record herein, it is ordered that one-half the Two Thousand Dollar ($2,000.00) fine imposed in the case of United States v. St. Regis Paper Company, No. 70–CR–105, and that one-half the One Thousand Five Hundred Dollar ($1,500.-00) fine imposed in the case of United States v. Falls Dairy Company, No. 70–CR–106, be awarded to the claimant Henry S. Reuss.

---

5. Other federal statutes which have provisions for payment of a portion of the fine to informers, including two enacted prior to § 411, expressly exclude certain government officials from recovering informer's fees: 31 U.S.C. § 155, enacted July 31, 1894 ("public prosecutor"); 31 U.S.C. § 163, enacted July 31, 1894 ("public prosecutor"); 19 U.S.C. § 1619 ("officer of the United States"); 31 U.S.C. § 1003 ("public prosecutor").

6. Without intending to express any view on whether it may apply to claims for informer fees by other public officials, I note that 5 U.S.C. § 5536, which pro-

hibits extra pay for extra services, applies only to government "employees." 5 U.S.C. § 5102(a) (2) and 5 U.S.C. § 2105(a) define "employee" for purposes of § 5536 so as not to include members of Congress. *See also* Liberation News Service v. Eastland, 426 F.2d 1379 (2nd Cir. 1970).

7. Under 33 CFR § 209.190(g) (3), it is the official duty of the District Engineer of the United States Army Corps of Engineers to investigate, gather information, and report to the United States Attorney possible violations of section 16 of the Rivers and Harbors Act.