**UNITED STATES of America**

v.

**T/B NMS #40, her tackle, apparel, furniture, etc.**

**Civ. A. No. 71-H-283.**

United States District Court,
S. D. Texas,
Houston Division.

Aug. 27, 1971.

Anthony J. P. Farris, U. S. Atty., and B. Stephen Rice, Asst. U. S. Atty., Houston, Tex., for plaintiff.

Joseph Newton, Fulbright, Crooker & Jaworski, Houston, Tex., for defendant and intervenor.

BUE, District Judge.

MEMORANDUM AND ORDER

The government has brought an action in rem against the T/B NMS #40 for alleged violations of 33 U.S.C. § 407 and § 412, and penalties as provided for in § 411 not exceeding $2,500 nor less than $500. Seeking to intervene is R. L. Mil-

---

ler, area manager for National Marine Services, Inc., claimant herein and owner of the NMS #40. The motion to intervene is based upon the provision in § 411 which establishes an "informer's fee" in the amount of one-half of the assessed pecuniary penalty which is imposed upon conviction under that section. In deciding the question of intervention, the Court assumes that Miller qualifies as the first informer of the alleged violation, Shipman v. United States, 309 F. Supp. 441 (E.D.Va.1970).

It first must be noted that the government pursues here only the *in rem* remedies set out in § 412, which in pertinent part provides:

> [A]ny boat, vessel, scow, raft, or other craft used or employed in violating any of the provisions of sections 407, 408, and 409 of this title shall be liable for the pecuniary penalties specified in section 411 of this title, and in addition thereto for the amount of the damages done by said boat * * *.

Intervenor's argument, substantially the one rejected in the *Shipman* decision, stems from the wording of § 411, which specifically provides for "a fine not exceeding $2,500 nor less than $500, * * * one-half of said fine to be paid to the person or persons giving information which shall lead to conviction." No provision is made for a pecuniary penalty in § 411, intervenor urges, but only for fines and imprisonment, which are far different from civil penalties. Objection is made to the reading of the word "fine" to mean "pecuniary penalty" in providing for monetary penalties under § 412, and in not similarly reading the word "fine" when used in the informer's fee provision to require that the fee be paid when liability is imposed under § 412. Intervenor urges:

> In other words, if, for purposes of a § 412 proceeding, the provisions of § 411 that a party 'on conviction * * shall be punished by a fine not exceeding $2,500 nor less than $500' may be

read to mean that a vessel 'upon civil adjudication shall be penalized by a penalty not exceeding $2,500 nor less than $500,' then why may not the provision that 'one-half of said fine [is] to be paid to the person * * * giving information which shall lead to the conviction' be read to mean that 'one-half of said penalty is to be paid to the person giving information which shall lead to such adjudication.'

While intervenor's argument is ingenious and certainly warrants close scrutiny and comparison of the two sections of the statute, the Court finds no basis for its adoption in § 412. That section incorporates by reference only the imposition of "pecuniary penalties specified in § 411." Conspicuous by their absence are references to any other provisions or requirements of § 411. Thus, § 412, as it relates to the in rem liability of the offending vessel, does not necessitate a criminal conviction to impose liability. Neither does it establish the right to an informer's fee. In the absence of a specific incorporation or adoption by reference, and in the absence of ambiguity, the Court finds neither the power nor the need to legislate such provisions into the terms of § 412.

The Congressional intent that an informer's fee be provided for only in instances of criminal conviction, which is, of necessity, in personam in nature, is clearly manifested by a comparison of the two sections within § 412. In providing for the criminal liability of masters, pilots, engineers, or persons acting in such capacities, § 412 specifically provides that a violation of that section be *deemed* a violation of certain other sections of the Act, including § 411. There is no similar incorporation in the part of § 412 which establishes a strict liability in rem against an offending vessel.

Accordingly, the motion to intervene is denied, Shipman v. United States, 309 F. Supp. 441 (E.D.Va.1970). The clerk will notify counsel.